Duane and Fredericka NODINE, Husband and Wife, and Glen and Coleen Snyder, Husband and Wife, Claimants–Plaintiffs,

v.

Gerald McNERNEY, Roger and Judy Kitchen, Tim and Mary Lou Orn, Ken and Kaye Donaldson, Steven and Dawn Castleman, Don and Margo Reed, Greg and Carla Mekus, Mr. and Mrs. Dennis Miller, Charles Lamb and Pam Kruse, Steven A. Mayer, Timothy and Lisa Derck, Don and Sally Stephenson, Jim and Bonnie Badenhop, Jeff and Marlene Rupp, Beth Vocke, Mary Erford, Jill Schumaker, Steve Piepenbrink, Helen Myers, Mr. and Mrs. Steven Myers, Harold and Ida Paton, Ray and Judy Schnettegoecke, Kevin and Ann Marie Wallace, Jim and Sharon Smolek, Mr. Lloyd McClellan, Jim and Helen Reynolds, John and Ginny Shappell, Jeanne Kreinbrink, Robert and Kathleen Murray, Rose Deventer, Paul and Dorothy Treece, Mary Van Gundy, Mr. and Mrs. Charles Meyer, William and Cindy Spratt, Larry and Linda Starr, Steve David, William and Linda Coyne, Dr. Wayne and Michelle Miller, William and Norma Mickelson, Ernie and Patricia Beck, Todd and Carrie Christlieb, E. Paul Kohli, John and Sheila Silowsky, Ed Linder, Lydia Gnagy, Max Gnagy, and Oakwood Park Association, Appellees–Defendants.

No. 76A05–0406–CV–335.

Court of Appeals of Indiana.

Oct. 17, 2005.

Robert J. Hardy, Thomas & Thomas, LLP, Waterloo, for Appellants.

Dane L. Tubergen, Hunt Suedhoff Kalamaros, LLP, Fort Wayne, for Appellees Don Reed, Margo Reed, Todd Christlieb, Carrie Christlieb, Ed Linder, Lydia Gnagy, and Max Gnagy.

1. In our original opinion, we referred to the Nodines and Snyders collectively as the

## OPINION UPON PETITION FOR REHEARING

SULLIVAN, Judge.

The Nodines and Snyders ("Claimants") [1] have filed a Petition for Rehearing asserting error in our opinion in *Nodine v. McNerney*, 833 N.E.2d 57 (Ind.Ct.App. 2005). We held in relevant part that the trial court properly concluded that the Claimants had not established that they had acquired title to the "disputed areas" by adverse possession. *Id.* at 67. We issue this opinion upon rehearing for the purpose of clarification with regard to the asserted error.

The Claimants contend that our decision was based in part upon an "erroneous assumption that the Street easements [i.e. Water Street and Dock Street] went to the lake and did not terminate at some prior point where the beachfront easement began." Petition for Rehearing at 3. Given the nature of the case, we included in our opinion two Figures to facilitate the reader's understanding of the issues presented. In both Figures, Water Street and Dock Street are shown continuing to the water's edge. Further, quoting from the trial court's judgment, we gave a verbal description of the area to which the Claimants sought title by adverse possession and noted that such area was depicted by shading in Figure 2, as recreated below.

"Claimants."

**Figure 2.**

In their Petition for Rehearing, the Claimants claim that both Water Street and Dock Street ended at the point where the "beachfront" easement began and that, upon appeal, they were challenging only that part of the trial court's judgment which found that they had not acquired title by adverse possession to the "beachfront" area which was bounded by their respective seawalls; the Claimants assert that upon appeal, they abandoned any claim for title to land within Water Street and Dock Street.

We find the Claimants' argument somewhat interesting given that every map, plat, or drawing which is included in the record before us depicts both Water Street and Dock Street as continuing to the water's edge. Even the original plat drawing, which we admit was presented to us as

a poor quality photocopy, depicts that Water Street and Dock Street continue to the water's edge and do not stop at some prior point. Thus, it may be that if an erroneous assumption has been made, it has been made by the Claimants.

Because nothing in the record before us depicted that Water Street and Dock Street ended at some point prior to the water's edge and that the land to the west of such a "point" was a "beachfront" easement, we discerned the Claimants' argument upon appeal to be that they had acquired title to the entire shaded areas within Water Street and Dock Street as depicted in Figure 2 above. We now understand their argument to be something different, i.e., a claim for title by adverse possession to only that area bounded by the Claimants' respective seawalls which lies within an area that the Claimants claim is part of the "beachfront" easement and not part of Water Street and Dock Street. We hereby clarify our opinion at least as to identification of the "disputed areas," even though such areas as described by the Claimants are based upon what may be an erroneous assumption on the part of the Claimants as to the location of Water Street, Dock Street, and the "beachfront" easements. Nevertheless, given the record before us, we stand by the conclusion that Water Street and Dock Street continue to the water's edge.

In their petition for rehearing, the Claimants acknowledge that in their 2002 complaint, they were seeking title to an area by adverse possession which was larger than was contemplated in their 1993 complaint. With regard to the "disputed areas" which were the subject of our prior opinion, the Claimants assert that they were only seeking clarification that they had acquired title to the "disputed areas" by virtue of the judgment entered in the 1993 action. As we noted in footnote 7 of

our opinion, in their 1993 complaint the Claimants sought title by adverse possession of the beachfront areas; they did not claim to have acquired title by adverse possession to any portion of Water Street or Dock Street. As noted above, the record before us informed us that those "disputed areas" lie within Water Street and Dock Street. Thus, we concluded that the Claimants had not acquired title by adverse possession to the disputed areas in the 1993 action. Importantly, we note that the Claimants had the burden of establishing that both Water Street and Dock Street ended at some point and that the disputed areas to which they claimed to have acquired title by adverse possession was within the "beachfront" easement. Claimants failed to meet this burden.

Subject to the above clarification, our earlier opinion is hereby affirmed.

NAJAM, J., and RILEY, J., concur.