David GERTZ and Nichelle Gertz,
Appellants–Defendants,

v.

Douglas ESTES and Susan Estes,
Appellees–Plaintiffs.

No. 64A03–0909–CV–414.

Court of Appeals of Indiana.

March 8, 2010.

P. Jeffrey Schlesinger, Merrillville, IN, Attorney for Appellant.

David R. Phillips, Valparaiso, IN, Attorney for Appellee.

## OPINION

BARNES, Judge.

### Case Summary

David and Nichelle Gertz (the "Gertzes") appeal the trial court's denial of their petition to modify a judgment requiring them to remove a "spite fence" near the property line between their property and the property of Douglas and Susan Estes (the "Esteses"). We affirm.

### Issues

The Gertzes raise one issue, which we restate as whether the trial court erred by requiring them to completely remove a "spite fence." The Esteses argue that they are entitled to appellate attorney fees under Indiana Appellate Rule 66(E).

### Facts

This is the second appeal in a dispute between the Gertzes and the Esteses, neighbors in rural Hebron. *See Gertz v. Estes,* 879 N.E.2d 617 (Ind.Ct.App.2008), *trans. denied.* As a result of a boundary line dispute, the relationship between the two couples disintegrated. At some point, the Gertzes equipped their home with a public address system and installed surveillance cameras capable of viewing the interior of the Esteses' residence. The Gertzes used the public address system to make disparaging comments to and about the Estes family on various occasions.

The Gertzes received a permit to construct a fence seven feet tall, but instead they erected a 720–foot long, eight-foot tall wooden fence, running parallel to and eight inches away from the property line. All along the three supporting horizontal slats, nail points protruded from the side of the fence facing the Esteses' property. The nails extended between a quarter- and a half-inch from the fence. As a result, "thousands of protruding nails" faced the Esteses' property. *Gertz,* 879 N.E.2d at 621. The words "NO CLIMBING" and "NO TRESPASSING" were painted in orange and black on the middle horizontal slat. *Id.* Two cameras were mounted on top, making a total of seven surveillance cameras operated by the Gertzes.

On September 13, 2005, the Esteses filed a complaint, alleging that the fence violated the Indiana "spite fence" statute, Indiana Code Section 32–26–10–1 to –2, and that the Gertzes' use of the cameras and public address system were a nuisance. *Id.* at 619. After a bench trial, the trial court found that the "fence was maliciously erected and now maintained for the purpose of annoying the Estes family" based upon the "course of conduct exhibited by Gertze [sic] toward Estes." App. p. 18. The court concluded that the "fence is,

therefore, a nuisance." *Id.* at 18–19. Further, the trial court found that the "surveillance of the Estes property and the use of a loudspeaker to harass and annoy Estes constitute[d] an invasion of privacy." *Id.* at 19. The trial court ordered the Gertzes to "remove" the "spite fence," the public address system, and the surveillance cameras. *Id.* The trial court also ordered the Gertzes to pay $2,500 to the Esteses and entered protective orders preventing the families from contacting, harassing, or annoying each other. The Gertzes appealed the trial court's order, arguing that: (1) the trial court erred by applying the "spite fence" statute because they had obtained a local permit for the fence; and (2) the trial court erred by finding that the fence was unnecessary and that the public address system was used to make disparaging comments about the Estes family. We affirmed, and the Indiana Supreme Court denied transfer on July 10, 2008.

On September 12, 2008, the Esteses filed a petition for rule to show cause. The Esteses alleged that the Gertzes had failed to remove the fence, cameras, or public address system and had continued to harass and threaten them. On September 22, 2008, the Gertzes filed a petition for modification of judgment. They requested that the trial court allow them to remove the top one foot of the fence rather than the entire fence. At a hearing on the matter, the Gertzes testified that they had already removed the top two feet of the fence and that the fence was no longer a "spite fence." The Esteses testified that the Gertzes had continued to harass them.

The trial court found that "cutting one (1) foot off of the top of the fence does not comply with this Court's Order as the height of the fence was only one component of the reasoning contained in the prior Order in reaching the determination that the fence was a 'spite fence.'" App. p. 15. The trial court concluded that the "fence is, and remains, a nuisance." *Id.* The trial court, thus, ordered the Gertzes to remove the fence.[1]

## Analysis

### I. Gertzes' Arguments

 The Gertzes argue that the trial court erred by ordering them to remove the fence despite the fact that the top portion of the fence has been removed. We disturb a trial court's findings and judgment only when they are clearly erroneous. *Nichols v. Minnick*, 885 N.E.2d 1, 3 (Ind.2008). Findings of fact are clearly erroneous when they have no factual support in the record. *Id.* (citing *Yanoff v. Muncy*, 688 N.E.2d 1259, 1262 (Ind.1997)). A judgment is clearly erroneous if it applies the wrong legal standard to properly found facts. *Id.*

 The Gertzes contend that the trial court erred by finding that they removed one foot off of the top of the fence rather than two feet. The parties each testified at the hearing that the Gertzes had removed two feet from the top of the fence, resulting in a fence that is six feet tall. The trial court erroneously found that the Gertzes had cut one foot off of the top of the fence. Even though this finding is clearly erroneous, we conclude that the error is harmless.

Because the fence is now six feet tall, the Gertzes argue that it no longer qualifies as a "spite fence" and that they should not be required to remove it. Indiana Code Section 32–26–10–1, which governs

---

1. The trial court also entered protective orders again preventing the families from harassing, contacting, or annoying each other and preventing Douglas Estes from parking his semi tractor in the circle portion of his driveway while the vehicle is running.

"spite fences," provides: "A structure in the nature of a fence unnecessarily exceeding six (6) feet in height, maliciously: (1) erected; or (2) maintained; for the purpose of annoying the owners or occupants of adjoining property, is considered a nuisance."

■ The Gertzes' argument fails. Their petition for modification of the judgment is, in effect, a motion for relief from judgment under Indiana Trial Rule 60(B). A motion for relief from judgment under Indiana Trial Rule 60(B) may not be used as a substitute for a direct appeal. *Goldsmith v. Jones*, 761 N.E.2d 471, 474 (Ind. Ct.App.2002). Trial Rule 60(B) affords relief in extraordinary circumstances that are not the result of any fault or negligence on the part of the movant. *Id.*

The Gertzes filed a direct appeal of the trial court's order requiring them to remove the fence. Although the trial court's remedy of removal of the fence was an issue available to them, they did not raise any argument regarding the trial court's remedy. Further, the trial court's order that they remove the fence was not based solely upon the height of the fence. The Gertzes have failed to show that they are entitled to the extraordinary remedy of modification of the trial court's judgment. *See, e.g., Dillard v. Dillard*, 889 N.E.2d 28, 34 (Ind.Ct.App.2008) (holding that the party made "no showing of exceptional circumstances that come within the purview of Trial Rule 60(B)"). As a result, the Gertzes must comply with the trial court's original order and remove the fence.

### II. Esteses' Arguments

■ The Esteses argue that they are entitled to appellate attorney fees under Indiana Appellate Rule 66(E), which provides: "The Court may assess damages if an appeal, petition, or motion, or response, is frivolous or in bad faith. Damages shall be in the Court's discretion and may include attorneys' fees. The Court shall remand the case for execution." An award of appellate attorney fees "is discretionary and may be ordered when an appeal is replete with meritlessness, bad faith, frivolity, harassment, vexatiousness, or purpose of delay." *Trost–Steffen v. Steffen*, 772 N.E.2d 500, 514 (Ind.Ct.App.2002), *trans. denied.* "However, we must use extreme restraint when exercising our discretionary power to award damages on appeal because of the potential chilling effect upon the exercise of the right to appeal." *Id.* Indiana appellate courts have categorized claims for appellate attorney fees into "substantive" and "procedural" bad faith claims. *Potter v. Houston*, 847 N.E.2d 241, 249 (Ind.Ct.App.2006). "To prevail on a substantive bad faith claim, the party must show that the appellant's contentions and arguments are utterly devoid of all plausibility." *Id.* "Procedural bad faith, on the other hand, occurs when a party flagrantly disregards the form and content requirements of the rules of appellate procedure, omits and misstates relevant facts appearing in the record, and files briefs written in a manner calculated to require the maximum expenditure of time both by the opposing party and the reviewing court." *Id.*

According to the Esteses, the Gertzes' appeal is nothing more than a collateral attack on the trial court's judgment, the Gertzes' brief is replete with misrepresentations, and "[t]his baseless appeal is a continuation of a well-established pattern of harassment." Appellee's Br. p. 10. Although we acknowledge that the Gertzes' brief fails to fully comply with the Appellate Rules and that their argument on appeal fails, we cannot say that their arguments were "utterly devoid of all plausibility" or were "written in a manner calculated to require the maximum expenditure of time both by the opposing party and the

reviewing court." *Potter*, 847 N.E.2d at 249. Consequently, we deny the Esteses' request for appellate attorney fees.

Despite our denial of the Esteses' request for attorney fees, we caution the Gertzes that future court filings against the Estes family could be considered harassment and result in various sanctions, including but not limited to an award of attorney fees. We encourage the Gertzes to fully comply with the trial court's order and protective orders.

### Conclusion

The trial court did not err by refusing to modify the original judgment or by again ordering the Gertzes to remove the fence, regardless of its decreased height. Further, we deny the Esteses' request for an award of appellate attorney fees. We affirm.

Affirmed.

MATHIAS, J., and BROWN, J., concur.