**Lawane CHANEY on Behalf of Himself and All Others Similarly Situated, Appellants–Plaintiffs,**

v.

**CLARIAN HEALTH PARTNERS, INC., Appellee–Defendant.**

No. 49A05–0905–CV–263.

Court of Appeals of Indiana.

Sept. 29, 2011.

Ronald E. Weldy, Weldy & Associates, Indianapolis, IN, Attorney for Appellants.

Kim F. Ebert, Bonnie L. Martin, Ogletree Deakins Nash Smoak & Stewart P.C., Indianapolis, IN, Attorneys for Appellee.

## ORDER ON MOTION FOR APPELLATE FEES AND COSTS

NAJAM, Judge.

### STATEMENT OF THE CASE

On February 20, 2011, this court handed down its decision in *Chaney v. Clarian Health Partners, Inc.*, No. 49A05–0905–CV–263, in which we affirmed an order imposing sanctions against Ronald E. Weldy, Chaney's former counsel, under Trial Rule 37. We also dismissed as moot the appeal from trial court orders that had denied discovery and dismissed the purported class action with prejudice. The Indiana Supreme Court denied Weldy's petition to transfer. On March 11, 2011, Clarian Health Partners, Inc. ("Clarian") filed a motion seeking appellate fees pursuant to Indiana Appellate Rule 66(E) and costs under Appellate Rule 67. On July 13, 2011, this court held oral argument on Clarian's motion. We hereby grant Clarian's request for fees and costs and remand for the trial court to determine the appropriate amounts.

### FACTS AND PROCEDURAL HISTORY

On March 5, 2007, Chaney filed a purported class action complaint, alleging that Clarian had violated the Wage Payment Statute. On Clarian's motion, the trial court entered an order staying class certification and any discovery seeking information regarding additional purported class members. However, the court later allowed discovery regarding the adequacy of Chaney as class representative. Following several discovery disputes and Cha-

ney's repeated failure to attend his deposition, the trial court imposed sanctions against Chaney's counsel under Trial Rule 37 and against Chaney individually.

Chaney's counsel ultimately negotiated a settlement of Chaney's claims against Clarian. Chaney had been the only named member of the proposed class. The trial court then granted Clarian's motion to dismiss the case with prejudice for lack of a class representative.

Weldy, purportedly on behalf of Chaney and the class, appealed, alleging that the trial court had abused its discretion when it denied discovery and when it dismissed the case with prejudice. He also appealed the imposition of Trial Rule 37 sanctions against him. We dismissed the appeal as moot with respect to the denial of discovery and the dismissal of the case. And we affirmed the imposition of Trial Rule 37 sanctions against Weldy. We subsequently denied Weldy's petition for rehearing, and our supreme court denied his petition to transfer. In the order denying transfer, two justices stated that they "would also consider a petition for damages, including attorney fees, pursuant to Appellate Rule 66(E)." 950 N.E.2d 1195 (Ind. 2011) (table). On March 11, 2011, Clarian filed its motion for appellate fees and costs in this court under Appellate Rules 66(E) and 67. Weldy, again purportedly on behalf of Chaney and the class, filed his response in opposition.

### DISCUSSION AND ORDER

■ Clarian seeks an award of appellate attorney's fees and costs under Indiana Appellate Rules 66(E) and 67. Clarian contends that an award of damages is warranted in light of Weldy's "personal stake" in filing an appeal, "his nonsensical argument that Clarian and the trial court erred by treating his 'Motion to Compel' as a motion to compel and, on Petition to

Transfer, his failure to tether the case to any transfer basis articulated in the Appellate Rules." Appellee's Motion for Appellate Fees and Costs at 1. We are reluctant to impose sanctions that may have a chilling effect on parties who choose to exercise the right to appeal. However, on the facts presented, we conclude that an award of fees and costs under Rules 66(E) and 67 is warranted in this case.

Indiana Appellate Rule 66(E) provides that the court "may assess damages if an appeal, petition, or motion, or response, is frivolous or in bad faith. Damages shall be in the Court's discretion and may include attorneys' fees." We have further described the appropriateness of such an award as follows:

> An award of appellate attorney fees "is discretionary and may be ordered when an appeal is replete with meritlessness, bad faith, frivolity, harassment, vexatiousness, or purpose of delay." "However, we must use extreme restraint when exercising our discretionary power to award damages on appeal because of the potential chilling effect upon the exercise of the right to appeal." Indiana appellate courts have categorized claims for appellate attorney fees into "substantive" and "procedural" bad faith claims. "To prevail on a substantive bad faith claim, the party must show that the appellant's contentions and arguments are utterly devoid of all plausibility." "Procedural bad faith, on the other hand, occurs when a party flagrantly disregards the form and content requirements of the rules of appellate procedure, omits and misstates relevant facts appearing in the record, and files briefs written in a manner calculated to require the maximum expenditure of time both by the opposing party and the reviewing court."

*Gertz v. Estes,* 922 N.E.2d 135, 138 (Ind. Ct.App.2010) (internal citations omitted). Appellate Rule 67 provides:

> When a judgment or order is affirmed in whole, the appellee shall recover costs. When a judgment has been reversed in whole, the appellant shall recover costs in the Court on Appeal and in the trial court or Administrative Agency as provided by law. In other cases, the recovery of costs shall be decided in the Court's discretion....

Clarian has requested both attorney's fees and costs.

■ Clarian contends that the appeal and the petition to transfer in this case were frivolous and were pursued in bad faith. In support, Clarian points out that Weldy did not apply the correct standard of review to the discovery matter that was appealed, failed to cite law in support of his arguments on appeal, and failed to cite law in support of his arguments in his petition to transfer. Clarian requests attorneys' fees and costs for its efforts in responding to the appeal and to the petition to transfer.

■ We first consider Weldy's appeal from the Rule 37 sanction. Clarian is correct that the trial court has broad discretion in ruling on discovery issues, including sanctions under Trial Rule 37. *See Childress v. Buckler,* 779 N.E.2d 546, 554 (Ind.Ct.App.2002). We reverse a trial court's decision in this area only where it is apparent that the trial court abused that discretion. *See id.* Clarian is also correct that Weldy, in appealing the discovery sanction, neither referred to this standard nor applied it. Instead, Weldy maintained the position he had asserted at trial, namely, that his motion to compel had not been, in fact, a motion to compel but, rather, was a motion to lift a stay on discovery. He persists in that line of argument here.

At trial, Weldy filed a pleading titled "Plaintiff's Motion to Compel Discovery Responses," seeking discovery responses regarding additional members of the purported class. Appellant's App. at 73. The motion did not include a statement regarding any reasonable efforts to reach an agreement with Clarian about discovery, as required by Trial Rule 26(F), nor did it mention the trial court's order staying any discovery of that nature. After receiving the motion to compel, Clarian corresponded with Weldy, pointing out that the discovery at issue in the motion was subject to a stay, and informed him that Clarian would seek sanctions under Trial Rule 37 if Weldy did not withdraw the motion. Weldy refused to withdraw the motion to compel, arguing that it had not been filed under Rule 37 and that Clarian had already agreed to provide the discovery requested in the motion when Clarian had asked for an extension of time to provide discovery. In fact, the discovery for which Clarian had sought an extension of time was not subject to the stay, as was clear in the extension request when Clarian referenced the due date for such discovery.

Weldy's argument that his motion was one to lift the stay is not well taken. Significantly, Weldy did not mention the stay in his motion to the trial court or after receiving Clarian's correspondence. He also ignored the plain context of Clarian's correspondence asking for an extension of time to respond to discovery that was not subject to the stay. By refusing to acknowledge the stay and by persisting in the theory on appeal and in his petition to transfer that Clarian had agreed to provide the requested discovery, despite all evidence to the contrary, Weldy pursued the motion to compel in bad faith. As such, Clarian is entitled to attorney's fees under Appellate Rule 66(E) and costs under Appellate Rule 67 regarding his appeal of the Trial Rule 37 sanction.

Clarian also seeks fees and costs on the grounds that Weldy did not cite any law in support of his position that the trial court had abused its discretion when it did not allow him discovery regarding additional potential class members. Again, the only named class member was Chaney, the class representative. But Chaney was dismissed from the case after entering into a settlement with Clarian while he was represented by Weldy. On appeal, Weldy contended that the trial court had erred by denying discovery concerning the members of the proposed class and by dismissing the case with prejudice, following Chaney's dismissal, without allowing Weldy to find a substitute class representative. In his petition to transfer, he raised these issues again and also asked the supreme court to review our opinion that Chaney's dismissal had mooted the class action.

■■■ Weldy asserts that he could not cite any Indiana law directly in support of his contentions on appeal or in his petition to transfer because the questions presented are matters of first impression. An award of attorney's fees based on substantive bad faith claim is not appropriate where the appellant raises an issue of first impression. *Manous v. Manousogianakis,* 824 N.E.2d 756, 768 (Ind.Ct.App.2005). In his reply brief on appeal, in his petition for transfer, and at oral argument, Weldy cited a few cases that he asserts support his legal position. Weldy claims that federal class action cases support his argument that he may continue discovery even without a plaintiff. Indeed, "[b]ecause Indiana Trial Rule 23 is based on Rule 23 of the Federal Rules of Civil Procedure, it is appropriate to consider federal court interpretations when applying the Indiana rule." *Chicago Title Ins. Co. v. Gresh,* 888 N.E.2d 779, 782 (Ind.Ct.App.2008). While the general premise for Weldy's argument is correct, namely, that Indiana courts

should consider relevant federal practice, he has failed to provide us with a single case under Federal Rule 23 that supports his contention on the merits. As such, his argument falls short of reasonable advocacy. *Manous*, 824 N.E.2d at 768.

Our research reveals a multitude of Indiana and federal cases regarding class actions applying Federal Rule 23 or Indiana Trial Rule 23. For example, in *Reel v. Clarian Health Partners, Inc.*, 855 N.E.2d 343, 356 (Ind.Ct.App.2006), this court held that, under Indiana Trial Rule 23, just as occurred here, a trial court may decide a dispositive motion filed by the defendant before reaching the question of class certification.[1] Weldy cited five cases in his appellant's brief in support of his contentions that he was entitled to discovery regarding potential class members for the purported class action and to find a substitute class representative, but none of those cases dealt with class actions.

In his reply brief, Weldy cited three cases, only two of which involved a class action. One case was *Reel*, discussed above, and the other was *Phillips v. Ford Motor Co.*, 435 F.3d 785 (7th Cir.2006). And in his petition for transfer, Weldy cited *Phillips* and, for the first time, two other federal cases, both of which are contained in a string cite in *Phillips*. Weldy provided absolutely no analysis of the two newly cited cases, nor are they relevant to the issues presented here, so we do not consider them.

*Phillips* involved companion cases filed as class actions. One of the cases had been certified as a class action, albeit the class defined by the trial court was larger than plaintiffs had requested. The companion case had not been certified, and it was unclear whether certification was pending or had been denied. The Seventh Circuit considered "whether amending a complaint to add or substitute named plaintiffs (class representatives) 'commences' a new suit" under the Class Action Fairness Act of 2005, 28 U.S.C. §§ 1332(d), 1453, and 1711–1715. *Id.* at 786.

Significantly, *Phillips* was decided under the federal Class Action Fairness Act with no reference to Rule 23 of the Federal Rules of Civil Procedure or to any Indiana law. Nor does the case in any way involve discovery to identify additional class members. Because Weldy's contentions are based on Trial Rule 23, in a case in which there are no named potential class members, the class has not yet been certified, and the only class representative has settled his claim, *Phillips* is inapposite.

Still, Weldy cites *Phillips* for the proposition that substitution of class representatives is "common and routine" in federal courts. Reply Brief at 7. In particular he points to a statement by Judge Posner, writing for the Seventh Circuit, that "[s]ubstitution of unnamed class members for named plaintiffs who fall out of the case because of settlement or other reasons is a common and normally an unexceptionable ('routine') feature of class action litigation both in federal courts and in the Illinois courts." *Phillips*, 435 F.3d at 787. But the quote is merely dictum, because the issue before the court was whether under the Class Action Fairness Act adding new named plaintiffs related back to the original filing date. Further, and significantly, none of the cases cited in *Phillips* involve the substitution of *unnamed* class members *before* certification of the class. *See Gates v. Towery*, 430 F.3d 429, 430 (7th Cir.2005); *Birmingham Steel Corp. v. TVA*, 353 F.3d 1331, 1339 (11th Cir.2003). In fact, several of those cases held that dismissal of a purported class action is appropriate where a class representative has settled his claim and no

---

1. Weldy cited *Reel* in his reply brief.

remaining class members seek to substitute themselves. *See, e.g., Toms v. Allied Bond & Collection Agency, Inc.,* 179 F.3d 103, 106–07 (4th Cir.1999); *Wheatley v. Bd. Of Ed.,* 99 Ill.2d 481, 77 Ill.Dec. 115, 459 N.E.2d 1364, 1366–68 (1984); *Yu v. Int'l Bus's Machines Corp.,* 314 Ill.App.3d 892, 247 Ill.Dec. 841, 732 N.E.2d 1173, 1178–79 (2000); *Hess v. I.R.E. Real Estate Income Fund,* 255 Ill.App.3d 790, 195 Ill. Dec. 935, 629 N.E.2d 520, 526–27 (1993). Thus, neither *Phillips* nor any of the cases cited therein are persuasive authority.

■ At trial and at every level on appeal, Weldy has failed to acknowledge the general rule that, if the claims of a named plaintiff become moot prior to class certification, the purported class action becomes moot and dismissal is required. *See Wilson v. Sec'y of Health & Human Svcs.,* 671 F.2d 673, 679 (1st Cir.1982); *Brown v. Philadelphia Hous. Auth.,* 350 F.3d 338, 343 (3d Cir.2003). *See also Grant v. Gilbert,* 324 F.3d 383, 389 (5th Cir.2003); 59 Am.Jur.2d Parties § 75 (West 2011). There are exceptions if the plaintiff appeals the denial of a class certification motion presented when his claims were still live or when the plaintiff's claims are so transitory that a court will not have sufficient time to rule on a motion for certification before the proposed representative's claims expire. *West v. Health Net of the Northeast,* 217 F.R.D. 163 (D.N.J. 2003); Fed.R.Civ.P. 23. And exceptions also exist where a defendant is "picking off" named plaintiffs through settlement in order to avoid the class action, *see Wilson,* 671 F.2d at 679, or where the claims at issue are capable of repetition, yet evading review, *Alvarez v. Smith,* — U.S. —, —, 130 S.Ct. 576, 581, 175 L.Ed.2d 447 (2009). But Weldy asserted none of these exceptions in any of his briefings or argu-

ment before this court or in his petition to transfer.

At oral argument Weldy cited three additional cases, but none have any substantive bearing on the class discovery issue that was before us on appeal. *See, e.g., E & L Rental Equip., Inc. v. Bresland,* 782 N.E.2d 1068 (Ind.Ct.App.2003) (not a class action; discussing Wage Claims statute and Wage Payment statute); *Perdue v. Murphy,* 915 N.E.2d 498 (Ind.Ct.App.2009) (regarding the requirements for certification of a class).

■ Weldy also addressed *Poulard v. LaPorte County Election Board,* 922 N.E.2d 734 (Ind.Ct.App.2010), a case cited by Clarian. *Poulard* discussed the doctrine of mootness, defining it as "when the case is no longer live and the parties lack a legally cognizable interest in the outcome of its resolution or where no effective relief can be rendered to the parties."[2] *Id.* at 737. As that definition makes clear, a live case or controversy requires a party. Here, with Chaney's dismissal, the purported class action was left without a class representative.

In sum, none of the cases that Weldy has cited provide a basis for either the new construction of class action law Weldy has requested or an extension of the law to that end. He has cited only two cases regarding class actions, but one, *Phillips,* neither construed nor applied either the federal or state version of Rule 23, and the other, *Reel,* confirmed that a trial court has discretion to decide dispositive motions before reaching the question of class certification. Moreover, when Weldy negotiated a settlement between Clarian and Chaney, the sole named plaintiff and purported class representative, and Chaney

---

**2.** This court may consider the merits of a moot claim if the matter is of public interest and capable of repetition. *Cent. Ind. Podiatry,* *P.C. v. Krueger,* 882 N.E.2d 723, 726 (Ind. 2008). Weldy does not contend that this exception applies.

was subsequently dismissed from the case, Weldy became an attorney without a client. And, without a client, he pursued an appeal and then transfer to the supreme court. Weldy may not use Chaney's name as a place saver to extend the life of a case that has become moot to conduct discovery until he can find another putative class action plaintiff. Weldy claims to have a fiduciary duty to the hypothetical members of an uncertified class. But, without a client, there was no live issue and the case was not properly before the trial court, let alone an appellate court.

■ Weldy's arguments, as well as his filings before this court and the Indiana Supreme Court, are utterly devoid of all plausibility and, therefore, were pursued in bad faith. *See Gertz,* 922 N.E.2d at 138. Thus, we conclude that Clarian is entitled to fees and costs from Weldy individually under Appellate Rules 66(E) and 67 respectively. We remand this case to the trial court to determine the reasonable fees and costs sustained by Clarian that are attributable to the appeal, the petition to transfer, and this motion for costs and fees and to enter an order awarding that amount in favor of Clarian and against Weldy.

SO ORDERED.

DARDEN, J., and BRADFORD, J., concur.