# FOR PUBLICATION

ATTORNEY FOR APPELLANTS:

**RONALD E. WELDY**
Weldy & Associates
Indianapolis, Indiana

ATTORNEYS FOR APPELLEE:

**KIM F. EBERT**
**BONNIE L. MARTIN**
Ogletree Deakins Nash Smoak & Stewart P.C.
Indianapolis, Indiana

**FILED**

*[signature]*

**CLERK**
of the supreme court,
court of appeals and
tax court

## IN THE
## COURT OF APPEALS OF INDIANA

| | | |
|---|---|---|
| LAWANE CHANEY on Behalf of Himself and All Others Similarly Situated, | ) | |
| | ) | |
| Appellants-Plaintiffs, | ) | |
| | ) | |
| vs. | ) | No. 49A05-0905-CV-263 |
| | ) | |
| CLARIAN HEALTH PARTNERS, INC., | ) | |
| | ) | |
| Appellee-Defendant. | ) | |

APPEAL FROM THE MARION SUPERIOR COURT
The Honorable Patrick L. McCarty, Judge
Cause No. 49D03-0703-PL-8796

**March 22, 2012**

**ON REHEARING FROM ORDER ON MOTION FOR**
**APPELLATE FEES AND COSTS - FOR PUBLICATION**

**NAJAM, Judge**

Ron Weldy petitions for rehearing, asserting five alleged errors in our Order on Motion for Appellate Fees and Costs, published at 954 N.E.2d 1063 (Ind. Ct. App. 2011) ("Order"). Generally, Weldy argues that we erred in finding that:

1. Weldy did not clearly indicate to the trial court that his motion to compel was actually a request to lift a stay on discovery;
2. Weldy did not inform the trial court of the stay in his motion to compel or afterwards;
3. Weldy ignored the context of Clarian's response to his motion to compel in Clarian's request for an extension of time to respond to discovery request; and
4. Weldy "persisted in the theory . . . that Clarian had agreed to provide the requested discovery[.]"

Weldy also argues that this court "misinterpreted" case law he relied on regarding Chaney's purported right to class-wide discovery. Having given thorough consideration due each of Weldy's contentions on rehearing, we conclude that he is correct on two points. But, considering all of the record, those errors are insignificant and do not alter our ultimate determination in the Order.

First, Weldy is correct that the record does not support our finding that Weldy did not inform the trial court of the stay in his motion to compel. The record shows that Weldy did mention the stay in a numbered paragraph in the body of the motion to compel. But the relief requested was not directed at the stay, and the trial court clearly did not understand that Weldy had requested for the stay to be lifted. Thus, to the extent we found that Weldy did not "mention" the stay, the Order of this court erred.

Second, Weldy also correctly points out that the record does not support our statement in the Order that he persisted in the theory that Clarian had agreed to provide

2

the discovery at issue after the trial court had vacated its motion to compel and denied the same. But the record does show that even on appeal Weldy persisted in the argument that his "Motion to Compel" was not, in fact, a motion to compel but rather a request asking the court to life a stay on certain discovery. A review of the record belies that argument.

Despite these minor errors, after reviewing the record yet again on rehearing, we re-affirm our conclusion that Weldy's argument that the motion to compel was one to lift the stay is not well taken. Weldy ignored the plain language and context of correspondence with opposing counsel on discovery issues, filed a motion to compel only to recast it later as a request to lift a stay, later refused to acknowledge the context of opposing counsel's earlier correspondence even when threatened with a Trial Rule 37 motion for sanctions, and then at all times thereafter persisted in the theory that he had always intended to request the lifting of the stay. Giving Weldy the benefit of doubt, we could find that he had initially misunderstood opposing counsel's correspondence. But his tenacious persistence in a line of argument clearly debunked by the written record amounts to bad faith. Thus, despite the errors Weldy has brought to our attention on rehearing, with the minor corrections noted below, we re-affirm the Order on Motion for Appellate Fees and Costs.

Corrected paragraphs at 954 N.E.2d at 1067:

At trial, Weldy filed a pleading titled "Plaintiff's Motion to Compel Discovery Responses," seeking discovery responses regarding additional members of the purported class. Appellant's App. at 73. The motion did not include a statement regarding any reasonable efforts to reach an agreement with Clarian about discovery, as required by Trial Rule 26(F), nor did it ~~mention~~ clearly identify that he was requesting the trial court~~'s~~ to lift the sta~~ying~~ regarding any discovery of that nature. After receiving the

3

motion to compel, Clarian corresponded with Weldy, pointing out that the discovery at issue in the motion was subject to a stay, and informed him that Clarian would seek sanctions under Trial Rule 37 if Weldy did not withdraw the motion. Weldy refused to withdraw the motion to compel, arguing that it had not been filed under Rule 37 and that Clarian had already agreed to provide the discovery requested in the motion when Clarian had asked for an extension of time to provide discovery. In fact, the discovery for which Clarian had sought an extension of time was not subject to the stay, as was clear in the extension request when Clarian referenced the due date for such discovery.

Weldy's argument that his motion was one to lift the stay is not well taken. Significantly, Weldy did not ~~mention the stay~~make clear in his motion to the trial court that he was seeking an order lifting the stay ~~or after receiving Clarian's correspondence~~. He also ignored the plain context of Clarian's correspondence asking for an extension of time to respond to discovery that was not subject to the stay. By refusing to ~~acknowledge~~ identify the stay as the subject of his motion in the first instance and by persisting in the theory on appeal and in his petition to transfer that ~~Clarian had agreed to provide the requested discovery~~he had merely misunderstood the correspondence with Clarian, despite all evidence to the contrary, Weldy pursued the motion to compel in bad faith. As such, Clarian is entitled to attorney's fees under Appellate Rule 66(E) and costs under Appellate Rule 67 regarding his appeal of the Trial Rule 37 sanction.

With the modifications noted above, the Order on Motion for Appellate Fees and Costs is affirmed.

Clarian requests additional fees and costs for responding to the petition for rehearing. We deny that request.

DARDEN, J., and BRADFORD, J., concur.