**Pursuant to Ind.Appellate Rule 65(D), this Memorandum Decision shall not be regarded as precedent or cited before any court except for the purpose of establishing the defense of res judicata, collateral estoppel, or the law of the case.**



FILED

Aug 20 2013, 5:36 am

CLERK
of the supreme court,
court of appeals and
tax court

ATTORNEY FOR APPELLANT:

**C. STUART CARTER**
Indianapolis, Indiana

ATTORNEYS FOR APPELLEE:

**JAMES W. HEHNER**
**PAMELA K. BENNETT**
Hehner & Associates
Indianapolis, Indiana

# IN THE
# COURT OF APPEALS OF INDIANA

DEBRA BARRETT,                               )
                                             )
    Appellant-Plaintiff,            )
                                             )
        vs.                 )    No. 54A01-1302-CT-74
                                             )
KATIE PATTON,                                )
                                             )
    Appellee-Defendant.             )

APPEAL FROM THE MONTGOMERY CIRCUIT COURT
The Honorable Harry A. Siamas, Judge
Cause No. 54C01-0911-CT-392

**August 20, 2013**

**MEMORANDUM DECISION - NOT FOR PUBLICATION**

**NAJAM, Judge**

## STATEMENT OF THE CASE

Debra Barrett[1] appeals the trial court's order denying her "Trial Rule 60(B) Motion to Set Aside Judgment of Dismissal and Motion to Substitute Party Pursuant to Trial Rule 25(D)(2)" in this negligence action. We do not reach the merits of Barrett's appeal because, as the defendant named in Barrett's complaint, Katie Patton, correctly points out, we lack jurisdiction to do so.

We dismiss.

## FACTS AND PROCEDURAL HISTORY

On August 12, 2008, Barrett's parked car was struck by a car being operated by Patton. In November 2009, Barrett filed a complaint against Patton alleging negligence. And in April 2011, Barrett died as a result of causes unrelated to the 2008 car accident. Barrett's attorney, C. Stuart Carter, did not move the trial court to substitute a party for the deceased Barrett pursuant to Trial Rule 25.

On September 29, 2011, the trial court, sua sponte, reviewed the case and found that "no action ha[d] been taken herein for more than sixty (60) days." Appellant's App. at 4. Accordingly, the trial court ordered that,

> [p]ursuant to Trial Rule 41(E) of the Indiana Rules of Trial Procedure, the court on its own motion now finds that a hearing should be held on October 31, 2011 at 1:00 p.m. for the parties to have the opportunity to show cause why this case should not be dismissed for failure to prosecute. If sufficient cause is not shown <u>at or before such hearing</u>, the court will enter an order of dismissal pursuant to such rule.

---

[1] As we discuss below, Barrett is deceased and there is no appellant in this case. For ease of discussion, we will refer to Barrett as needed.

Id. at 4-5 (emphasis added). Barrett's attorney neither filed any response to the show cause order nor attended the hearing on October 31. Accordingly, on November 1, 2011, the trial court dismissed the case under Trial Rule 41(E).

On November 29, 2011, Barrett's attorney, Carter, contacted Patton's attorney, Pamela Bennett, to discuss the dismissal. Carter explained that he had not attended the hearing because his computer had "crashed" and asked whether Patton would object to a motion to set aside the dismissal. Appellant's App. at 58. Bennett responded that she would confer with her client regarding the request, and Bennett also told Carter that "he would need to have a personal representative of the estate established before [Patton] would enter into any settlement negotiations." Id. Thereafter, on December 22, Carter informed Bennett that "there was a protracted battle between the decedent's son and [his] half[-]sister and no personal representative had been assigned." Id. And Bennett informed Carter that her client would object to any motion to set aside the dismissal.

Ten months later, on October 29, 2012, Carter filed a Trial Rule 60(B) Motion to Set Aside Judgment of Dismissal and Motion to Substitute Party Pursuant to Trial Rule 25(D)(2). In that motion, Carter alleged in relevant part that: he had missed the October 2011 hearing due to "a computer failure that caused substantial disruption" in his practice; after Barrett's death, Carter "learned that Ms. Barrett's son[, Dennis Trent,] was consulting with counsel to open an estate"; Carter spoke with Trent, who informed Carter that "no estate had been opened, however, that there had been a purported transfer of decedent's real property to Danielle Lowery, an adult daughter of Debra Barrett, and half-sister to Mr. Trent"; Carter "followed up with Mr. Trent in the Spring and Summer

3

of 2012, and learned that Mr. Trent had consulted with counsel regarding his rights as an heir to Debra Barrett [sic], and that Mr. Trent was considering his options"; and that Carter "waited for an estate to be opened by Mr. Trent," which never happened. Id. at 16-18.

Carter further alleged that the dismissal should be set aside for "excusable neglect," namely, "a complete computer system failure that caused a loss of all calendaring data." Id. at 18. And Carter stated that he "has waited for an interested heir to open an estate, causing a delay in seeking relief from the Court's judgment of dismissal." Id. Finally, Carter alleged that "there is a meritorious claim to be pursued in this case" as substantiated by a police report attached to the 60(B) motion as an exhibit. Id. at 19. With respect to Barrett's motion to substitute a party under Trial Rule 25(D), Carter alleged only that "the Court may substitute a successor to the decedent in a pending case when it is established that the opening of an estate is unnecessary" and he moved the court to substitute Dennis Trent as successor to Barrett for purposes of further litigation in this case. Id.

Following a hearing, the trial court denied Barrett's motion to set aside the dismissal under Trial Rule 60(B) and stated that it did "not need to reach the issue of whether to substitute [Trent] into the lawsuit." Id. at 9B. This appeal ensued.

## DISCUSSION AND DECISION

We do not reach the merits of Barrett's appeal because no one has been substituted as a party on Barrett's behalf to date. As this court has observed, "[a]n appeal is authorized only by 'a person[.]'" Estate of Gordon v. Nicholson, 132 Ind. App. 94, 174

4

N.E.2d 56, 57 (1961). It is well settled that "the estate of a dead man cannot be a party to an action without some representative." Id. And this court has held that the failure to name a personal representative of a deceased party is jurisdictional and requires dismissal of the appeal. Id. (citing Otolski v. Nowicki's Estate, 129 Ind. App. 492, 158 N.E.2d 296, 298 (1959)). Accordingly, because Barrett is deceased and no substitution has been made, we dismiss the appeal for lack of jurisdiction.

We recognize that Barrett's attorney is faced with a conundrum in that the trial court declined to rule on the motion to substitute in this case, but her attorney presented no evidence to show that the trial court should have granted that motion. Trial Rule 25(D) provides:

> The proper party or parties to be substituted for the party who dies under subsection (1) of subdivision (A) of this rule includes:
>
> > (1) a successor in interest whose rights or obligations do not pass to the representative of the deceased party's estate; or
> >
> > (2) if the interest passes to or binds the representative of the deceased party's estate, either such representative or, if it is established that the estate of the deceased party is closed or that opening of such estate is unnecessary, the successor of such estate.

Barrett's attorney explained that his delay in filing the Trial Rule 60(B) motion was due to his "wait[ing] for an estate to be opened by Mr. Trent." Appellant's App. at 18. And Barrett's attorney stated that "[a]s of the date of filing of the instant motion, no estate has yet been opened." Id. Thus, there is no indication that Trent is a person described by Trial Rule 25(D)(1), that Barrett's estate is closed, or that the opening of Barrett's estate

5

is unnecessary.[2]  And it is undisputed that Trent is not the personal representative of any estate.  Thus, when Barrett died, Carter became an attorney without a client.  See Chaney v. Clarian Health Partners, Inc., 954 N.E.2d 1063, 1070 (Ind. Ct. App. 2011).  Carter cannot use Barrett's name as a place saver to extend the life of a case without showing that there is, in fact, a proper party eligible to be substituted for Barrett as the real party in interest under Trial Rule 25(D).  See id.  Without a client, there was no live issue and the case was not properly before the trial court, let alone an appellate court.  Id.  Finally, even if we did have jurisdiction over this appeal, because Barrett's attorney has not shown that there was a basis for the trial court to grant his Trial Rule 25 motion, Barrett's attorney has not shown reversible error.

Dismissed.

MATHIAS, J., and BROWN, J., concur.

---

[2]  In his subsequent reply brief to the trial court, Barrett's attorney stated that, "[b]ecause Ms. Barrett's estate is valued at less than $50,000, that estate may fully be administered without opening an estate and without appointment of a personal representative."  Appellant's App. at 40.  But Barrett's attorney did not provide any evidence to support that allegation and, as such, he cannot demonstrate that the trial court would have abused its discretion in rejecting this assertion.