## MEMORANDUM DECISION

Pursuant to Ind. Appellate Rule 65(D), this Memorandum Decision shall not be regarded as precedent or cited before any court except for the purpose of establishing the defense of res judicata, collateral estoppel, or the law of the case.



ATTORNEYS FOR APPELLANT

J. Thomas Vetne
Brian R. Gates
Jones Obenchain, LLP
South Bend, Indiana

ATTORNEY FOR APPELLEE

Peter L. Boyles
Rhame & Elwood
Portage, Indiana

IN THE

# COURT OF APPEALS OF INDIANA

| | |
|---|---|
| Westville Lounge, Ltd., d/b/a Crossroads, and Michael Ganz d/b/a Crossroads Lounge, <br><br> *Appellants-Defendants,* <br><br> v. <br><br> Walter Wesley, <br><br> *Appellee-Plaintiff.* | July 21, 2015 <br><br> Court of Appeals Case No. 46A05-1412-CT-606 <br><br> Appeal from the LaPorte Superior Court <br><br> The Honorable Jennifer L. Koethe, Judge <br><br> Trial Court Case No. 46D03-1009-CT-535 |

**Mathias, Judge.**

[1] Westville Lounge, Ltd., d/b/a/ Crossroads, and Michael Ganz d/b/a

Crossroads Lounge (collectively "Ganz") appeal from the LaPorte Superior

Court's denial of Ganz's motion for relief from judgment under Indiana Trial

Rule 60(B). On appeal, Ganz claims that the trial court abused its discretion in denying its motion for relief from judgment.

We affirm.

## Facts and Procedural History

On the evening of January 22, 2010, Walter Wesley ("Wesley") was at Crossroads Lounge, a bar owned by Ganz in Westville, Indiana, participating in a dart tournament. At some point in the evening, Wesley slipped and fell, fracturing his ankle. As set forth below, stories conflicted on how Wesley fell. Wesley eventually had surgery on his ankle to repair a broken bone and a torn ligament.

On September 3, 2010, Wesley filed a complaint alleging negligence on the part of Ganz and demanded a jury trial. Ganz filed a response *pro se* and appeared *pro se* at a status conference held on July 20, 2011. The trial court informed Ganz that Crossroads was required to be represented by an attorney and gave the parties notice that the firm representing Wesley also represented the trial court judge's husband in a pending child custody dispute. The court set the matter for a status hearing.

At the status hearing, Ganz failed to appear, and the cause was set for a jury trial. Ganz subsequently informed the trial court that he intended to file for bankruptcy protection and requested a continuance. The trial date was then continued to October 22, 2012. On August 28, 2012, an attorney filed an appearance on behalf of Ganz, and the trial was again continued on Ganz's

motion. After one further continuance requested by Ganz, the trial was eventually scheduled for December 13, 2013, but due to a conflict in the trial court's schedule, the date was pushed back to January 14, 2014.

[6] On November 26, 2013, almost two months prior to the scheduled trial, Ganz's attorney informed the trial court and Wesley that he had been unable to make contact with Ganz. Accordingly, on December 2, 2013, Ganz's attorney filed a motion to withdraw his appearance, which the trial court granted on December 9, 2013.

[7] On December 11, 2013, Ganz filed a *pro se* motion to dismiss. The trial court scheduled a hearing on the motion for December 19, 2013. Despite having filed the motion to dismiss, Ganz failed to appear at the hearing set thereon. The trial court asked Wesley if he wished to proceed with a bench trial instead of a jury trial. Thereafter, on December 23, 2013, Wesley filed a motion to withdraw his request for a jury trial and instead proceed with a bench trial. Ganz filed no objection to this request; instead, Ganz filed a *pro se* motion to continue, which the trial court denied. Ganz renewed his *pro se* motion to continue on January 2, 2014, and filed a response to Wesley's granted motion to withdraw his request for a jury trial. The trial court again denied Ganz's request for a continuance but granted Wesley's request for a bench trial.

[8] A bench trial was held on January 14 – 15, 2014. At trial, Ganz proceeded *pro se*. Likely the only undisputed evidence was that after he fell, Wesley spoke with the bartender, Barbra Kaufman ("Kaufman"), who gave Wesley a bag of ice for

his ankle. The testimony as to the proximate cause of Wesley's injury was conflicting. Wesley testified that he told Kaufman that he had tripped on a nail sticking out of the floor and that Kaufman told Wesley that she had seen a nail sticking out of the floor earlier that day and had hammered it back down. Kaufman testified that although she had seen a protruding nail that day, she hammered it back into place, and no one showed her a nail or mentioned a nail to her the night that Wesley fell. Ganz's witness Freddy Ames, Jr., ("Ames") testified that he saw Wesley attempt to kick one of his friends and that this friend in turn kicked Wesley's foot, causing him to spin and fall down. At the conclusion of the trial, the court took the matter under advisement. On March 5, 2014, the trial court entered judgment in favor of Wesley in the amount of $110,069.31.

[9] On April 9, 2014, Ganz contacted the trial court *pro se* and claimed that he had not been served with the final judgment until the day before, by which time his time to initiate an appeal had expired. *See* Ind. Appellate Rule 9(A)(1). On April 17, 2014, an attorney filed an appearance on behalf of Ganz and filed a motion for extension of time within which to file an appeal. *See* Ind. Trial Rule 72(E) ("When service of a copy of the entry by the Clerk is not evidenced by a note made by the Clerk upon the Chronological Case Summary, the Court, upon application for good cause shown, may grant an extension of any time limitation within which to contest such ruling, order or judgment to any party who was without actual knowledge[.]"). Following a hearing, the trial court denied this motion on May 14, 2014.

At a scheduled proceeding supplemental hearing held on May 15, 2014, Ganz's attorney failed to appear. Instead, over a month later, on June 18, 2014, Ganz filed a motion to stay the proceedings supplemental in anticipation of also filing a motion for relief from judgment under Trial Rule 60(B), and the trial court granted the motion to stay that same day.

Ganz did not immediately file a motion under Trial Rule 60(B). Accordingly, on October 20, 2014, Wesley filed a motion to lift the stay of the proceedings supplemental, which the trial court granted. Only after this did Ganz finally file, on November 13, 2014, a Trial Rule 60(B) motion for relief from judgment. The trial court denied Ganz's motion for relief from judgment on December 11, 2014, in an order that stated in relevant part:

> This matter came to the Court on Defendant's Trial Rule 60(B) Motion filed with the Court on November 13, 2014 and Plaintiff's Response filed with the Court on December 5, 2014. The Court having reviewed the Motion and Response filed now finds as follows:
>
> 1. The Court may not consider matters in a Trial Rule 60(B) Motion that should have been the subject of a timely motion to correct errors or appeal.
>
> 2. The Court previously DENIED Defendant's request for an extension to file an appeal in this matter in its Order dated May 14, 2014.
>
> 3. The issues raised by Defendant should have been raised in a timely motion to correct errors or appeal.
>
> WHEREFORE, IT IS ORDERED, ADJUDGED, AND DECREED that Defendant's Trial Rule 60(B) Motion IS DENIED.

Appellant's App. p. 11 (citations omitted). Ganz now appeals.

**Standard of Review**

Ganz claims on appeal that the trial court erred in denying its motion for relief from judgment. Trial Rule 60(B) provides in relevant part:

> **(B) Mistake—Excusable neglect—Newly discovered evidence—Fraud, etc.** On motion and upon such terms as are just the court may relieve a party or his legal representative from a judgment, including a judgment by default, for the following reasons:
>
> (1)  mistake, surprise, or excusable neglect;
>
> (2)  any ground for a motion to correct error, including without limitation newly discovered evidence, which by due diligence could not have been discovered in time to move for a motion to correct errors under Rule 59;
>
> (3)  fraud (whether heretofore denominated intrinsic or extrinsic), misrepresentation, or other misconduct of an adverse party;
>
> (4)  entry of default or judgment by default was entered against such party who was served only by publication and who was without actual knowledge of the action and judgment, order or proceedings;
>
> (5)  except in the case of a divorce decree, the record fails to show that such party was represented by a guardian or other representative, and if the motion asserts and such party proves that
>
> > (a)  at the time of the action he was an infant or incompetent person, and
> >
> > (b)  he was not in fact represented by a guardian or other representative, and
> >
> > (c)  the person against whom the judgment, order or proceeding is being avoided procured the judgment with notice of such infancy or incompetency, and, as against a successor of such person, that such successor acquired his

rights therein with notice that the judgment was procured against an infant or incompetent, and

(d)  no appeal or other remedies allowed under this subdivision have been taken or made by or on behalf of the infant or incompetent person, and

(e)  the motion was made within ninety [90] days after the disability was removed or a guardian was appointed over his estate, and

(f)  the motion alleges a valid defense or claim;

(6)  the judgment is void;

(7)  the judgment has been satisfied, released, or discharged, or a prior judgment upon which it is based has been reversed or otherwise vacated, or it is no longer equitable that the judgment should have prospective application; or

(8)  any reason justifying relief from the operation of the judgment, other than those reasons set forth in sub-paragraphs (1), (2), (3), and (4).

[13]  A motion made under Trial Rule 60(B) is addressed to the equitable discretion of the trial court. *In re Paternity of P.S.S.*, 934 N.E.2d 737, 740-41 (Ind. 2010). Accordingly, the grant or denial of the Trial Rule 60(B) motion will be disturbed on appeal only when the trial court has abused that discretion. *Id.* at 740-41. An abuse of discretion will be found only when the trial court's action is clearly erroneous, i.e., against the logic and effect of the facts before it and the reasonable inferences that may be drawn therefrom. *Id.* at 741.

[14]  Ganz bases his argument on Trial Rule 60(B)(8), which allows the trial court to set aside a judgment within a reasonable time for any reason justifying relief other than those set forth in sub-paragraphs (1) through (4). *Baker & Daniels, LLP v. Coachmen Indus., Inc.*, 924 N.E.2d 130, 140 (Ind. Ct. App. 2010), *trans.*

*denied*. The trial court's residual powers under subsection (8) may only be invoked upon a showing of "exceptional circumstances justifying extraordinary relief." *Id.* Exceptional circumstances do not include mistake, surprise, or excusable neglect, which are set out in Rule 60(B)(1). *Id.*

We further note that the burden is on the moving party to establish ground for Trial Rule 60(B) relief. *Paternity of P.S.S.*, 934 N.E.2d at 740. Thus, if the trial court denies a Trial Rule 60(B) motion, the moving party appeals from a negative judgment. *See Nodine v. McNerney*, 833 N.E.2d 57, 65 (Ind. Ct. App. 2005) (noting that judgment entered against party bearing burden of proof is a negative judgment), *clarified on reh'g*, 835 N.E.2d 1041, *trans. denied*. On appeal from a negative judgment, we will reverse the trial court upon this issue only if the evidence is without conflict and all reasonable inferences to be drawn from the evidence lead to a conclusion other than that reached by the trial court. *Id.*

## Discussion and Decision

Ganz claims that the trial court erred in denying his motion for relief from judgment for several reasons. He first claims that the trial court misinterpreted the law governing Trial Rule 60(B) motions. Specifically, Ganz argues that the trial court improperly denied the motion because he had not filed an appeal from the final judgment. Ganz contends that a party may file a Trial Rule 60(B) motion even if that party has not filed an appeal.

To be sure, no prerequisite exists that a party file an appeal before he or she may file a motion for relief from judgment. However, to the extent that the

motion for relief from judgment attacks the legal merits of the judgment, it is improper. As our supreme court explained in *Paternity of P.S.S.*, "a motion for relief from judgment under Indiana Trial Rule 60(B) is not a substitute for a direct appeal." 934 N.E.2d at 740 (citing *Gertz v. Estes,* 922 N.E.2d 135, 138 (Ind. Ct. App. 2010)).

[18]  Instead, "Trial Rule 60(B) motions address only the procedural, equitable grounds justifying relief from the legal finality of a final judgment, not the legal merits of the judgment." *Id.* (citing *Mid-West Fed. Sav. Bank v. Epperson,* 579 N.E.2d 124, 129 (Ind. Ct. App. 1991)); *see also Town of St. John v. Home Builders Ass'n of N. Ind., Inc.*, 428 N.E.2d 1299, 1302 (Ind. Ct. App. 1981) (noting that relief under Trial Rule 60(B) is proper after the failure to perfect an appeal only if there are some additional facts justifying extraordinary relief). Thus, "[i]f any matter is known or discoverable by a party within the period when a timely appeal may be perfected, [case law] would suggest that this matter may not be the subject of a motion for relief from judgment under Rule 60 when a party fails to timely perfect the appeal." William F. Harvey, Stephen E. Arthur, 4 Indiana Practice, *Rules Of Procedure Annotated*, § 60.3 (3d ed.).

[19]  Here, it is apparent from the language of the trial court's order denying Ganz's motion for relief from judgment that the trial court did not conclude that Ganz could not obtain relief under Trial Rule 60(B) motion simply because he had failed to file a notice of appeal. Instead, the court noted that the types of arguments presented in Ganz's motion were not the type appropriate to a

motion for relief from judgment. Thus, the trial did not misinterpret the law governing Trial Rule 60(B).

[20] Ganz also claims that the trial court erred in denying his motion for relief from judgment because since he did not receive notice of the judgment in time to appeal, he was deprived of his right to a jury trial, and the trial court judge should have recused herself *sua sponte*.

[21] Ganz contends that he did not receive notice of the court's final judgment in favor of Wesley until after the time in which he could file a notice of appeal. It is true that Ganz sent the trial court a letter stating that he had not received notice of the trial court's judgment until after the time period for filing an appeal had expired. Ganz later repeated this claim in a motion for an extension of time in which to file its notice of appeal. Importantly, however, the trial court denied this motion. In so doing, the trial court acknowledged that nothing in the CCS indicated that notice had been mailed to the parties and that Ganz testified that the address on record for his personal address was incorrect. However, upon consideration of the context of the case, the trial court still rejected Ganz's claims that he had not received notice of the final judgment in time to file a timely appeal:

> 13. [T]here is no entry in the chronological case summary regarding the service of the judgment on the parties.
>
> 14. In this case, the Court finds that Mr. Ganz failed to show good cause as to allow for an extension to file a notice of appeal in this matter.

15.   Specifically, the Court finds the testimony presented by Mr. Ganz to be in direct contradiction with his filing dated April 9, 2014. In Ganz's testimony, he states that he seemed to miss all the Court (*not sure if referring to filings or Court dates*) except the beginning and the end, yet in his filing dated April 9, 2014, he states, "All other correspondence regarding this case came to me – but not the final Judgment."

16.   There is no evidence in the record to show that Mr. Ganz missed any other filings or dates due to lack of service.

17.   Further, there is no evidence in the record to show that anyone ever contacted the Court or returned mail to the Court regarding this matter, with the exception of a notation by the Sheriff's Department indicating lack of service on the Motion for Proceeding Supplemental.

18.   Even if the personal address for Mr. Ganz was incorrect, Mr. Ganz could have used the online Odyssey Case Management Service or could have on his own contacted the Clerk of the Court regarding the status of the judgment.  There is no evidence that Mr. Ganz used due diligence to determine the status of the case.

19.   Finally and most importantly, there is no evidence to suggest that a copy of the judgment was not received by Ganz at his business, Crossroads Bar at 4817 US Hwy 421, Westville, IN. In fact, prior documents were sent to Ganz personally at 4817 Us. Hwy 421, Westville . . . and were responded to by Ganz.

WHEREFORE, IT IS ORDERED, ADJUDGED AND DECREED that the Defendant's Motion for an Extension of Time to File an Appeal is DENIED. . . .

Appellant's App. pp. 36-38 (citations omitted). Thus, Ganz's claims to have not received notice of the final judgment were fully considered by the trial court and rejected, and nothing in the record indicates that Ganz ever attempted to challenge this order of the trial court.

[22] Further, as noted by the court, Ganz could have kept abreast of the status of his case by contacting the trial court clerk or by checking the online case management system. *See City of Indianapolis v. Hicks*, 932 N.E.2d 227, 231 (Ind. Ct. App. 2010) (noting that attorneys have a general duty to regularly check court records and monitor the progress of pending cases); *Goossens v. Goossens*, 829 N.E.2d 36, 43 (Ind. Ct. App. 2005) (noting that *pro se* litigants are held to the same standard as are licensed attorneys). Indeed, Ganz, having represented himself at a two-day trial, knew that the trial court's judgment was pending and should have actively been checking on the status of the case.

[23] Accordingly, Ganz has not convinced us that the trial court erred in denying his claim that he had no notice of the judgment. Ganz's argument that the trial court should have granted his Trial Rule 60(B) motion because he did not have time to file an appeal is therefore not compelling.

[24] Ganz's citation to *Graham v. Schreifer*, 467 N.E.2d 800 (Ind. Ct. App. 1984), is unavailing. In that case, the attorney representing the defendants withdrew his appearance the week before the scheduled trial, and one of the defendants, Schreifer, was never informed about this withdrawal. In fact, Schreifer believed that he was still represented and was never informed of the withdrawal, the trial date, or any of the subsequent proceedings. Eventually, the plaintiff, Graham, obtained a default judgment but did not seek to enforce the judgment until almost ten years had passed, when Graham brought proceedings supplemental against Schreifer. The trial court granted Schreifer's subsequent motion to set aside the judgment pursuant to Trial Rule 60(B), and Graham appealed.

[25] On appeal, this court affirmed the trial court's ruling, noting that: Schreifer had no apparent control over the attorney representing him (who was retained by the co-defendant); the attorney never contacted Schreifer informing him of the trial date; Schreifer had no notice of the withdrawal, the reset trial date, or the entry of default judgment; and Graham had made no efforts to collect on the judgment in the preceding nine years and nine-months. *Id*. at 804. Under the facts and circumstances of that case, the court held that the trial court did not abuse its discretion in granting Schreifer's motion to set aside the judgment. *Id*. at 807.

[26] In contrast, here Ganz clearly knew that his trial counsel had withdrawn his appearance on November 26, 2013, and trial was not held until January 14 of the following year. Not only did Ganz know of the trial date, he appeared in person and represented himself at the trial. To the extent that Ganz claims that he was unaware of the trial court's judgment, the trial court considered and rejected this claim, and Ganz has not persuaded us that we should set aside the trial court's ruling on this matter. Moreover, in *Graham*, the trial court *granted* the defendant's motion to set aside, and it was the plaintiff who was seeking to set aside the trial court's ruling on appeal. In contrast, here, the trial court *denied* Ganz's motion to set aside, and it is he who has the burden of demonstrating on appeal why the trial court abused its discretion. *See In re K.H.*, 838 N.E.2d 477, 480 (Ind. Ct. App. 2005) (noting that, on appeal, the burden of showing reversible error is on appellant).

Ganz also claims that the trial court abused its discretion by denying his motion for relief from judgment because, he claims, he was denied his right to a jury trial, the trial court judge should have recused herself, and the trial court denied Ganz's motion for a continuance after his attorney withdrew his appearance several weeks before the scheduled trial date.

However, these arguments all go to the legal merits of the judgment. Also, nothing in the record indicates that these issues were unknown at the time during which Ganz could have filed a motion to correct error and/or a notice of appeal. We have already rejected Ganz's claim that he could not file a timely notice of appeal because he did not receive notice of the trial court's judgment. Thus, Ganz is simply attempting to raise issues in a motion for relief from judgment which should have been raised in a direct appeal. As discussed above, this is improper. *See Paternity of P.S.S.*, 934 N.E.2d at 741.

## *Conclusion*

Under the facts and circumstances of the present case, we conclude that the trial court did not abuse its discretion when it denied Ganz's Trial Rule 60(B) motion for relief from judgment.

Affirmed.

May, J., and Robb, J., concur.