Jean V. POULARD, Appellant–Plaintiff,

v.

LAPORTE COUNTY ELECTION BOARD, Clerk of the Court Robert J. Behler, and Joseph Brekke, Appellees–Defendants.

No. 46A03–0906–CV–271.

Court of Appeals of Indiana.

March 11, 2010.

Jean V. Poulard, Michiana Shores, IN, Appellant pro se.

Robert C. Szilagyi, LaPorte, IN, Attorney for Appellees Laporte County Election Board and Clerk of the Court Robert J. Behler.

## OPINION

CRONE, Judge.

### Case Summary

Jean V. Poulard, pro se, appeals the trial court's denial of his motion for relief from final judgment. While Poulard presents several issues for our review, the dispositive issue in this case involves the residency of Poulard's opponent in an election that Poulard in fact won. Despite winning the election, Poulard has continued to chal-

lenge his former opponent's residency and to litigate this matter against the LaPorte County Election Board and Clerk of the Court Robert J. Behler (collectively, the "Election Board"). We conclude that the dispositive issue is now and has long been moot and, thus, we dismiss Poulard's appeal. However, because we find this appeal frivolous, we remand to the trial court pursuant to Indiana Appellate Rule 66(E) to award appellate damages, which may include attorney's fees, in favor of the Election Board.

## Facts and Procedural History

The record indicates that Poulard was a candidate listed on the ballot for the 2007 municipal election to the Michiana Shores Town Council. On September 9, 2007, Poulard filed a challenge with the Election Board claiming that his opponent in the election, Joseph Brekke, was not a true resident of Michiana Shores. Following a special meeting, the Election Board denied Poulard's challenge and permitted Brekke to remain on the ballot. On October 10, 2007, Poulard filed a complaint and a motion for preliminary injunction in the LaPorte Circuit Court. In his complaint, Poulard challenged the Election Board's determination of Brekke's residency. Poulard's motion for preliminary injunction requested that Brekke's name be removed from the general election ballot. Following a hearing, on October 26, 2007, the trial court entered its order denying Poulard's request for relief. The court concluded that because Poulard's challenge to Brekke's residency was not timely filed before the Election Board, Poulard failed to properly exhaust his administrative

remedies and, therefore, the trial court lacked subject matter jurisdiction. Thereafter, on November 6, 2007, the election was held and Poulard won.

Poulard filed his pro se motion to reconsider on December 5, 2007, maintaining that the Election Board erred when it failed to disqualify Brekke and that Brekke was not a true resident of Michiana Shores. In an order dated December 17, 2007, the trial court denied Poulard's motion to reconsider, reiterating that the court did not have subject matter jurisdiction and also noting that Poulard's motion to reconsider was not timely filed.[1] A confusing and convoluted procedural history followed, during which Poulard continued to seek redress from both the Election Board and the trial court for the Election Board's failure to disqualify Brekke from the election on the basis of residency.[2] Finally, on May 15, 2009, Poulard filed a motion for relief from final judgment pursuant to Indiana Trial Rule 60(B) which, among other things, sought reconsideration of the issue of Brekke's residency and the trial court's subject matter jurisdiction over the same. The trial court denied Poulard's motion by order dated May 18, 2009. The trial court again stated that it did not have subject matter jurisdiction and further concluded that, even if the court did have subject matter jurisdiction, Poulard was not entitled to relief pursuant to Indiana Trial Rule 60(B). In its order, the trial court reminded and reprimanded Poulard in part:

The Court reminds Petitioner that the matter is now closed. The Court's lack of justiciability in this matter ends this

---

1. The parties agree that, for unknown reasons, neither Poulard nor the Election Board received the trial court's order and were unaware that the trial court had entered an order denying the motion to reconsider until February of 2008.

2. We note that while Poulard attempted to raise additional issues in several of his filings with the trial court, all issues centered around Brekke's residency and the Election Board's determination of such residency.

course of action for Petitioner. Any further filings regarding this matter in this Court will be adjudicated similarly.

Appellant's App. at 152. This pro se appeal ensued.[3]

### Discussion and Decision

#### *Mootness*

■ Poulard contends the trial court erred when it denied his motion for relief from final judgment pursuant to Trial Rule 60(B). Specifically, Poulard contends that the trial court erroneously determined it lacked subject matter jurisdiction over his challenge to his former opponent's residency. We need not decide this issue because, as explained below, the issue is moot.

■ An issue is deemed to be moot when the case is no longer live and the parties lack a legally cognizable interest in the outcome of its resolution or where no effective relief can be rendered to the parties. *Lake County Bd. of Elections & Registration v. Copeland,* 880 N.E.2d 1288, 1291 (Ind.Ct.App.2008). However, even if an appeal is moot and no practical remedy is available to the parties, we can review issues under the public interest exception, which may be invoked when the case involves a question of great public importance that is likely to recur. *Id.*

We note that although Poulard tries to reframe and restate his arguments, all his arguments revolve around Brekke's residency and the Election Board's alleged failure to properly determine Brekke's residency. Whether the trial court properly concluded that Poulard's challenge to Brekke's residency was untimely filed with the Election Board so as to deprive the trial court of subject matter jurisdiction is of no moment. Poulard *won* the election and retained his seat on the Michiana Shores Town Council. There is no legally

cognizable interest to protect or effective relief that can be granted to Poulard at this time. Any determination of Brekke's residency, his alleged fraud in averring such residency, or the Election Board's alleged failure to properly determine such residency, has no bearing on future elections. The likelihood that Brekke would even choose to be a candidate for the Michiana Shores Town Council in the future is purely speculative. Indeed, Brekke's residency at the time of a past election, an election that he *lost,* is hardly a question of great public importance. Because the central issue in this case is moot, not of great public importance, and unlikely to recur, we decline to address it and dismiss Poulard's appeal.

#### *Damages*

■ The Election Board requests an award of damages pursuant to Indiana Appellate Rule 66(E), which states, "The Court may assess damages if an appeal, petition, or motion, or response, is frivolous or in bad faith. Damages shall be in the Court's discretion and may include attorneys' fees. The Court shall remand the case for execution." Our discretion to award attorney fees under Appellate Rule 66(E) is limited to instances when an appeal is permeated with meritlessness, bad faith, frivolity, harassment, vexatiousness, or purpose of delay. *Manous, LLC v. Manousogianakis,* 824 N.E.2d 756, 767 (Ind.Ct.App.2005). Moreover, while we have discretionary authority to award damages on appeal, we must use extreme restraint when exercising this power because of the potential chilling effect upon the exercise of the right to appeal. *In re Estate of Carnes,* 866 N.E.2d 260, 267 (Ind.Ct.App.2007). A strong showing is required to justify an award of appellate damages, and the sanction is not imposed

---

**3.** We note that Brekke did not file a brief on appeal.

to punish mere lack of merit, but something more egregious. *Id.* "Just as pro se litigants are required to follow all of the rules of appellate procedure, they are also liable for attorney fees when they disregard the rules in bad faith." *Id.*

 Indiana appellate courts have categorized claims for appellate attorney fees into "substantive" and "procedural" bad faith claims. *Thacker v. Wentzel,* 797 N.E.2d 342, 346–47 (Ind.Ct.App.2003). To prevail on a substantive bad faith claim, the party must show that the appellant's contentions and arguments are utterly devoid of all plausibility. *Id.* Substantive bad faith "implies the conscious doing of wrong because of dishonest purpose or moral obliquity." *Wallace v. Rosen,* 765 N.E.2d 192, 201 (Ind.Ct.App.2002).

Here, Poulard has steadfastly ignored unfavorable determinations and rulings by the trial court. The trial court determined that Poulard's original challenge to his opponent's residency was not timely filed with the Election Board and, therefore, the trial court lacked subject matter jurisdiction over Poulard's claim. As we have stated, Poulard then *won* the election. That should have been the end of the story. Nevertheless, Poulard has continued his attempts to revive the residency issue of his former opponent as well as the Election Board's alleged failure to properly determine such residency through numerous other filings with the trial court, discovery requests to the Election Board, and now this appeal.

While we are cognizant of the chilling effect that an award of appellate damages can have on litigants, this case is an example of when a chilling effect is necessary to put an end to the matter. Poulard has maintained this cause of action in a manner calculated to require the needless expenditure of time and resources by the Election Board, the trial court, and this

Court. In short, Poulard's appeal was brought in bad faith and for purposes of harassment. For these reasons, we remand to the trial court for a determination of appellate damages to which the Election Board may be entitled pursuant to Appellate Rule 66(E).

Dismissed and remanded.

RILEY, J., and VAIDIK, J., concur.