**Pursuant to Ind.Appellate Rule 65(D), this Memorandum Decision shall not be regarded as precedent or cited before any court except for the purpose of establishing the defense of res judicata, collateral estoppel, or the law of the case.**



APPELLANT PRO SE:

**ERIC D. SMITH**
Carlisle, Indiana

ATTORNEYS FOR APPELLEE:

**GREGORY F. ZOELLER**
Attorney General of Indiana

**ELIZABETH ROGERS**
Deputy Attorney General
Indianapolis, Indiana

# IN THE
# COURT OF APPEALS OF INDIANA

| | | |
|---|---|---|
| ERIC D. SMITH, | ) | |
| | ) | |
| Appellant-Defendant, | ) | |
| | ) | |
| vs. | ) | No. 46A03-1110-CT-493 |
| | ) | |
| STEVE EULER, MELVIN BROOKS, MARTY | ) | |
| SEXTON, and JASON JACOB, | ) | |
| | ) | |
| Appellee-Plaintiff. | ) | |

APPEAL FROM THE LAPORTE SUPERIOR COURT
The Honorable Richard Stalbrink, Judge
Cause No. 46D03-1001-CT-21

**June 12, 2012**

**MEMORANDUM DECISION - NOT FOR PUBLICATION**

**FRIEDLANDER, Judge**

Veteran pro se litigant Eric D. Smith, an inmate at Wabash Valley Correctional Facility when this appeal was filed, appeals the trial court's denial of his motion for relief from judgment pursuant to Ind. Trial Rule 60 (B)(8).

We affirm and remand with instructions.

This is the third appellate iteration of an action that started with a complaint Smith filed in 2005. Perhaps we should begin there. The underlying facts were summarized in the first appeal, decided in 2007, which resulted in a decision adverse to Smith. Those facts are as follows:

> On September 13, 2005, Smith filed a complaint against the DOC, alleging that on February 23, 2005, Euler completed an unwarranted conduct report against Smith for abuse of mail to cause Smith harm and to retaliate against him for the multiple grievances and tort claims he had filed in the past. Smith alleged that the abuse of mail regulation was unconstitutionally vague and denied him due process and that the DOC failed to provide him with an impartial hearing on the allegation. Additionally, Smith alleged that on March 1, 2005, he was beaten by Sexton, Jacob, and Brooks [officers at the Westville Control Unit correctional facility where Smith was imprisoned at the time] and suffered injuries as a result of the beating. The complaint includes claims for conspiracy to retaliate against him, failure to protect him, use of excessive force, and failure to provide proper medical treatment.
>
> On September 13, 2005, Smith filed a motion for the appointment of counsel. Over the subsequent months, he filed a copious number of motions covering many different topics, only a small number of which are relevant to this appeal. On November 9, 2005, the DOC filed a motion for partial judgment on the pleadings. On January 1, 2006, Smith renewed his motion for the appointment of counsel. On April 20, 2006, he sought leave to file an amended complaint. On June 5, 2006, Smith filed another motion for the appointment of counsel. The trial court denied Smith's motion to amend his complaint on September 25, 2006. On April 5, 2007, the trial court entered summary judgment in favor of the DOC on Smith's complaint and found Smith's request for an attorney to be moot, noting that, in any event, he was not entitled to the appointment of counsel.

*Smith v. Ind. Dept. of Corr.*, No. 49A02-0705-CV-430, slip op. at 1 (Ind. Ct. App. Dec. 26,

2

2007), *trans. denied* (henceforth, CV-430). In that case, we affirmed a summary judgment ruling against him on the original complaint, as well as the denial of his motion to amend his complaint. With respect to the former, we determined: (1) Smith's allegations concerning the abuse of mail regulations and the DOC's treatment of the conduct report constituted disciplinary actions of the DOC and were therefore not subject to judicial review; (2) Smith's allegations of negligence or other tort claims against employees of the DOC were precluded by the Indiana Tort Claims Act because government employees acting within the scope of their employment are immune from liability; and (3) Smith's allegations that the DOC's regulations violated article 1, sections 9, 11, 12, 15, 16, and 23 of the Indiana Constitution were waived because they were undeveloped or unsupported. As to the denial of the motion to amend, Smith failed to argue that his federal claims were meritorious or that the clarifications and added defendants corrected the deficiencies in the complaint and therefore the amendment would have been futile.

Round two commenced with Smith filing a motion for relief from judgment pursuant to Indiana Trial Rule 60(B) and a motion to amend his complaint. Smith sought thereby to set aside the summary judgment order that was the subject of the aforementioned unsuccessful appeal and to commence a new action premised upon an amended version of the original complaint. The trial court denied Smith's motion for relief from judgment. Having apparently missed the deadline to appeal that ruling, Smith sought permission to file a belated appeal, which the trial court granted. Smith filed the belated appeal on June 11, 2009 (No. 49A04-0901-CV-40) (henceforth, CV-40). This court dismissed CV-40 on July 13, 2009, upon our conclusion that the trial court did not have authority to grant Smith's motion to file

3

a belated appeal and therefore that we did not have jurisdiction over the appeal.

The present iteration – round three – commenced on January 13, 2010 with Smith filing a 42 U.S.C. § 1983 complaint in LaPorte County, Indiana, under Cause No. 46D03-1001-CT-21 (henceforth, the § 1983 action). The factual basis set out in that complaint is the same as that underlying each of the appeals described above, i.e., CV-430 and CV-40. On June 18, 2010, Appellees filed a motion to dismiss or for summary judgment. The trial court granted that motion on October 14, 2010. Smith failed to timely appeal that ruling, but on September 16, 2011, he filed a Trial Rule 60(B)(8) motion for relief from judgment. Smith appeals the denial of that motion.

Smith contends the trial court abused its discretion by denying his motion to set aside the default judgment pursuant to T.R. 60(B)(8).

> Upon a motion for relief from default judgment, the burden is on the movant to show sufficient grounds for relief under Indiana Trial Rule 60(B). We review the grant or denial of a Trial Rule 60(B) motion for relief from judgment under an abuse of discretion standard. The trial court's discretion is necessarily broad in deciding whether to vacate a default judgment because any determination of excusable neglect, surprise, [ ] mistake [or extraordinary circumstances] must turn upon the unique factual background of each case. The trial court must balance the need for an efficient judicial system with the judicial preference for deciding disputes on the merits.

*Mallard's Pointe Condo. Ass'n, Inc. v. L & L Investors Grp., LLC,* 859 N.E.2d 360, 365-66 (Ind. Ct. App. 2006), *trans. denied* (citations omitted). T.R. 60(B)(8) is an omnibus provision that allows the trial court to set aside a judgment within a reasonable time "for any reason justifying relief from operation of the judgment, other than those reasons set forth in sub-paragraphs (1), (2), (3), and (4)." T.R. 60(B)(8) confers broad equitable power upon the trial court in the exercise of its discretion. *Brimhall v. Brewster,* 864 N.E.2d 1148 (Ind. Ct.

4

App. 2007), *trans. denied.* "The trial court's residual powers under subsection (8) may only be invoked upon a showing of exceptional circumstances justifying extraordinary relief." *Id.* at 1153.

The complaint that Smith seeks to resurrect here is more or less a reincarnation of the complaint he originally filed in 2005, certainly with respect to the operational facts. What is the requisite exceptional circumstance upon which Smith premises his request for relief under T.R. 60(B)(6)? None that we can detect. Essentially, he merely contends that his § 1983 action should be permitted to go forward because the motion to amend filed in early 2006 should have been granted in the first place (e.g., "the reason why [Smith] could not raise the federal claims [presented in the instant § 1983 action] in the previous case was because the Marion County Superior Court would not allow him to file an amended complaint"). *Appellant's Brief* at 9. In CV-430, we rejected the argument concerning the viability of the amended complaint upon the basis that the resulting complaint would have no more merit than the original, *viz.*:

> In his amended complaint, Smith clarified his legal claim, added defendants, and added federal claims. He has failed to argue on appeal that his federal claims are meritorious or that the clarifications and added defendants correct the deficiencies in the complaint that we have already described herein. Under these circumstances, we find that the trial court did not abuse its discretion in denying Smith's motion to amend his complaint because the amendment would have been futile.

*Smith v. Ind. Dept. of Corr.*, No. 49A02-0705-CV-430, slip op. at 4 (footnote omitted).

In the final analysis, the viability of any grievances Smith might have against Appellees that are based upon the alleged events of February and March 2005 at the Westville Control Unit have already been decided against Smith by this court – twice.

5

Today's decision makes three. "The doctrine of res judicata prevents the repetitious litigation of that which is essentially the same dispute." *Ben–Yisrayl v. State,* 738 N.E.2d 253, 258 (Ind. 2000), *cert. denied,* 534 U.S. 1164. If an issue was raised on direct appeal, but decided adversely, it is res judicata. *Williams v. State,* 808 N.E.2d 652 (Ind. 2004). Because we concluded in CV-430 that the amended complaint was as meritless as the original, res judicata prevents us from addressing the same argument again in the instant appeal. Therefore, the denial of Smith's motion for relief from judgment stands.

As a final matter, upon cross-claim, Appellees ask for an imposition of appellate attorney fees under Indiana Appellate Rule 66(E), which states: "The Court may assess damages if an appeal, petition, or motion, or response, is frivolous or in bad faith. Damages shall be in the Court's discretion and may include attorneys' fees." Our discretion to award attorney fees under App. R. 66(E) is limited to instances when an appeal is permeated with meritlessness, bad faith, frivolity, harassment, vexatiousness, or purpose of delay. *Life v. F.C. Tucker Co., Inc.*, 948 N.E.2d 346 (Ind. Ct. App. 2011). We use "extreme restraint in awarding appellate damages because of the potential chilling effect upon the exercise of the right to appeal." *Gariup Const. Co., Inc. v. Carras-Szany-Kuhn & Assocs., P.C.*, 945 N.E.2d 227, 240 (Ind. Ct. App. 2011) *trans. denied*. This sanction is not imposed to punish mere lack of merit, but something more egregious. *Wright v. Miller*, 965 N.E.2d 135 (Ind. Ct. App. 2012).

Our appellate courts have divided claims for appellate attorney fees into substantive and procedural bad-faith claims. *Poulard v. LaPorte Cnty. Election Bd.*, 922 N.E.2d 734 (Ind. Ct. App. 2010). In order to prevail on a claim of substantive bad faith, a party must

6

demonstrate that the appellant's contentions and arguments "are utterly devoid of all plausibility." *Id*. at 738. Substantive bad faith "'implies the conscious doing of wrong because of dishonest purpose or moral obliquity." *Id*. (quoting *Wallace v. Rosen,* 765 N.E.2d 192, 201 (Ind. Ct. App. 2002)). In addition to bad faith, recovery of attorney fees under App. R. 66(E) is conditioned upon proof of "meritlessness, … frivolity, harassment, vexatiousness, or purpose of delay". We have defined these terms in a different but substantially similar context.

In *Fisher v. Estate of Haley,* 695 N.E.2d 1022 (Ind. Ct. App. 1998), we considered a request for an award of attorney fees under Ind. Code Ann. § 34-52-1-1 (West, Westlaw through legislation effective March 14, 2012), which states:

> In any civil action, the court may award attorney's fees as part of the cost to the prevailing party, if the court finds that either party:
>
> (1) brought the action or defense on a claim or defense that is frivolous, unreasonable, or groundless;
>
> (2) continued to litigate the action or defense after the party's claim or defense clearly became frivolous, unreasonable, or groundless; or
>
> (3) litigated the action in bad faith.

I.C. § 34-52-1-1(b). This provision established virtually the same criteria for the same award, i.e., attorney fees, albeit under a different statute governing a different stage of litigation. Discussing the meaning of these terms, the *Fisher* court examined the grounds for recovery of attorney fees under Ind. Code Ann. § 34-1-32-1(b), repealed by P.L. 1-1998, the predecessor to the current I.C. § 34-52-1-1 and consisting of precisely the same language, *viz.*:

7

> For purposes of awarding attorney fees pursuant to Indiana Code section 34–1–32–1, a claim is "frivolous" if it is made primarily to harass or maliciously injure another, if counsel is unable to make a good faith and rational argument on the merits of the claim, or if counsel is unable to support the action by a good faith and rational argument for extension, modification, or reversal of existing law. A claim is "unreasonable" if, based upon the totality of the circumstances, including the law and facts known at the time of filing the claim, no reasonable attorney would consider the claim justified or worthy of litigation. A claim is "groundless" if no facts exist which support the legal claim relied upon and presented by the losing party. Finally, a claim is litigated in "bad faith" if the party presenting the claim is affirmatively operating with furtive design or ill will.

*Fisher v. Estate of Haley,* 695 N.E.2d at 1029. Considering the language and purpose of I.C. § 34-52-1-1(b), we conclude that the definitions for the relevant terms as set out above in *Fisher* are applicable as well to those terms as used in App. R. 66(E). We note that "frivolous" and "unreasonable" were defined by the *Fisher* court partially in terms of what an attorney might know or do. Of course, we are aware that Smith is not an attorney. Nevertheless, Smith will be held to the same standards that apply to trained counsel. *See Fisher v. Estate of Haley,* 695 N.E.2d 1022; *see also Poulard v. LaPorte Cnty. Election Bd.*, 922 N.E.2d at 738 ("just as pro se litigants are required to follow all of the rules of appellate procedure, they are also liable for attorney fees when they disregard the rules in bad faith") (quoting *In re Estate of Carnes* 866 N.E.2d 260, 267 (Ind. Ct. App. 2007)).

Smith initially filed an action based upon these same operative facts more than six years ago. He lost at the trial court level and again on appeal. He attempted to cure what he perceived to be the defects in his case, but again lost below and upon appeal. Undeterred by those setbacks, Smith persists in his efforts to discover a way to hold Euler, Brooks, Sexton, and Jacob liable to him. His efforts have produced nothing more than a series of essentially

8

identical lawsuits, each failing for what amounts to the same reason – a fatal flaw in his case that Smith seems unwilling to acknowledge. The stubborn refusal to accept the futility of his ongoing legal efforts renders them frivolous. Further, we are forced to conclude that Smith's serial attempts to assert claims that have been repeatedly rejected both by trial courts and this court reflect that his motivation for filing this latest lawsuit was primarily to harass Appellees.

We are aware that an award of appellate damages can have a chilling effect on litigants, but in this particular case, that is precisely the point. Smith has maintained this cause of action in a manner calculated to require the needless expenditure of time and resources by Appellees, the trial court, and this court. It is time to put an end to this matter. Upon our conclusion that Smith's appeal was brought in bad faith and for purposes of harassment, we remand to the trial court for a determination of appellate damages to which Appellees may be entitled pursuant to App. R. 66(E). *See Poulard v. Laporte Cnty. Election Bd.*, 922 N.E.2d 734.

Judgment affirmed and remanded with instructions.

ROBB, CJ., and BAILEY, J., concur.