**FOR PUBLICATION**



FILED

Aug 15 2012, 8:47 am

CLERK
of the supreme court,
court of appeals and
tax court

APPELLANT PRO SE:

**MICHAEL R. JENT**
Pendleton, Indiana

ATTORNEY FOR APPELLEE:

**CAROLYN M. TRIER**
Trier Law Office
Fort Wayne, Indiana

# IN THE
# COURT OF APPEALS OF INDIANA

| | | |
|---|---|---|
| MICHAEL R. JENT, | ) | |
| | ) | |
| Appellant-Petitioner, | ) | |
| | ) | |
| vs. | ) | No. 02A03-1108-MI-388 |
| | ) | |
| FORT WAYNE POLICE DEPARTMENT, | ) | |
| | ) | |
| Appellee-Respondent. | ) | |

APPEAL FROM THE ALLEN CIRCUIT COURT
The Honorable Jeremy J. Grogg, Judge Pro Tempore
Cause No. 02C01-1004-MI-454

**August 15, 2012**

**OPINION - FOR PUBLICATION**

**NAJAM, Judge**

## STATEMENT OF THE CASE

Michael Jent filed a public records request with the Fort Wayne Police Department ("FWPD"), which the FWPD denied. Jent then filed a motion for declaratory and injunctive relief asking the trial court to compel the FWPD to disclose the requested records. Jent next moved for summary judgment, and the FWPD filed a cross-motion for summary judgment. Following a hearing, the trial court denied Jent's motion and entered summary judgment for the FWPD. In this appeal, Jent contends that the trial court erred when it entered summary judgment in favor of the FWPD.

We affirm.

## FACTS AND PROCEDURAL HISTORY

In 2005, Jent was convicted of six counts of child molesting, as Class A felonies; child molesting, as a Class C felony; and criminal confinement, as a Class C felony; and he was adjudicated an habitual offender. The trial court sentenced Jent to 238 years. He remains incarcerated at the Pendleton Correctional Facility.

On February 23, 2009, Jent submitted a Request for Access to Public Record to Carol Taylor, the Associate City Attorney for the City of Fort Wayne/Fort Wayne Police Department. In that request, Jent sought access to the following public records:

> Daily incident report logs of crimes committed from January 1st, 2001[,] through December 8th, 2005[,] containing the crimes of abduction and sexual assault and/or attempted abduction and attempted sexual assault with the victims describing the perpetrator as a[n] Hispanic male with a tattoo of a rose and green stem on the left arm or side and/or if the victim was taken to a[n] abandoned house and/or placed in a van during the commission of the crime.

Appellant's App. at 29. On February 26, Taylor wrote to Jent acknowledging receipt of his records request and stating that the City would provide the daily incident report logs "to the extent that the City has records." Appellee's App. at 16. And Taylor stated that the City was denying the "remainder details/information of your request, pursuant to I.C. [§] 5-14-3-4(b)(1)—investigatory records of a law enforcement agency." Id.

On March 4, Sergeant Andrew Bubb, with the Internal Affairs Unit of the City of Fort Wayne, wrote to Jent and stated:

> The City Attorney's office has forwarded your recent records request to the Fort Wayne Police Department.
>
> The information that would be considered the "daily incident report logs" exists as electronic data. This data can only be screened to the extent that our system's software will allow. The software will not facilitate the production of any kind of list with the parameters you specified.
>
> The format in which the data is produced contains sensitive information which the department deems to be investigatory records. Your request is denied in accordance with I.C. [§] 5-14-3-4(b)(1)—investigatory records of a law enforcement agency.

Id. at 17 (emphasis added).

Jent then filed a "formal complaint" with the Public Access Counselor ("PAC") for the State alleging that the FWPD had "violated the Access to Public Records Act ("APRA") (Ind. Code [chapter] 5-14-3) by denying [him] access to records." Appellant's App. at 32. In response, the PAC issued an advisory opinion, stating in relevant part as follows: "It is my opinion the Department must make available for inspection and copying the information required to be maintained in a daily log. Further, it is my opinion any other information contained in the requested records falls under the investigatory records exception." Id.

3

On April 13, 2010, Jent filed his complaint for declaratory and injunctive relief asking the trial court to compel the FWPD to provide the requested records. And on March 10, 2011, Jent filed a motion for summary judgment on his complaint. The FWPD filed a cross-motion for summary judgment. Following a hearing, the trial court denied Jent's motion and entered summary judgment in favor of the FWPD. This appeal ensued.

**DISCUSSION AND DECISION**

Our standard of review for summary judgment appeals is well established:

> When reviewing a grant of summary judgment, our standard of review is the same as that of the trial court. Considering only those facts that the parties designated to the trial court, we must determine whether there is a "genuine issue as to any material fact" and whether "the moving party is entitled to a judgment a matter of law." In answering these questions, the reviewing court construes all factual inferences in the non-moving party's favor and resolves all doubts as to the existence of a material issue against the moving party. <u>The moving party bears the burden of making a prima facie showing that there are no genuine issues of material fact and that the movant is entitled to judgment as a matter of law; and once the movant satisfies the burden, the burden then shifts to the non-moving party to designate and produce evidence of facts showing the existence of a genuine issue of material fact</u>.

<u>Dreaded, Inc. v. St. Paul Guardian Ins. Co.</u>, 904 N.E.2d 1267, 1269-70 (Ind. 2009) (citing Ind. Trial Rule 56(C)) (emphasis added). If the trial court's entry of summary judgment can be sustained on any theory or basis in the record, we must affirm. <u>Beatty v. LaFountaine</u>, 896 N.E.2d 16, 20 (Ind. Ct. App. 2008), <u>trans. denied</u>.

The first section of the Access to Public Records Act ("APRA"), Indiana Code Section 5-14-3-1, provides:

> A fundamental philosophy of the American constitutional form of representative government is that government is the servant of the people and not their master. Accordingly, it is the public policy of the state that all persons are entitled to full and complete information regarding the affairs of

4

government and the official acts of those who represent them as public officials and employees. Providing persons with the information is an essential function of a representative government and an integral part of the routine duties of public officials and employees, whose duty it is to provide the information. This chapter shall be liberally construed to implement this policy and place the burden of proof for the nondisclosure of a public record on the public agency that would deny access to the record and not on the person seeking to inspect and copy the record.

Section 3 of APRA provides: "Any person may inspect and copy the public records of any public agency during the regular business hours of the agency, except as provided in section 4 of this chapter." Ind. Code § 5-14-3-3(a). But the requestor must "identify with reasonable particularity the record being requested." Ind. Code § 5-14-3-3(a)(1). Section 4 in turn provides several exceptions to the disclosure requirement of Section 3. Section 4(a) sets forth mandatory exceptions to public access, and section 4(b) lists exceptions which may be invoked at the discretion of the public agency. It is undisputed that the FWPD is a public agency subject to APRA.

In support of its cross-motion for summary judgment, the FWPD asserted that it could not fulfill any part of Jent's records request because the request does not comply with Indiana Code Section 5-14-3-3(a)(1), which requires that the request "identify with reasonable particularity the record being requested." The "reasonable particularity" requirement under this statute has not previously been interpreted by an Indiana court. In the context of the discovery rules, however, a requested item has been designated with "reasonable particularity" if the request enables the subpoenaed party to identify what is sought and enables the trial court to determine whether there has been sufficient compliance with the request. In re WTHR-TV, 693 N.E.2d 1, 6 (Ind. 1998). Here, in

essence, the FWPD contends that Jent's request fails the first part of that test, namely, that it does not enable the FWPD to identify the records sought.

Again, Jent requested the following records:

Daily incident report logs of crimes committed from January 1st, 2001[,] through December 8th, 2005[,] containing the crimes of abduction and sexual assault and/or attempted abduction and attempted sexual assault with the victims describing the perpetrator as a[n] Hispanic male with a tattoo of a rose and green stem on the left arm or side and/or if the victim was taken to a[n] abandoned house and/or placed in a van during the commission of the crime.

Appellee's App. at 15. While Jent's request describes the records sought in some detail, the level of detail does not necessarily satisfy the "reasonable particularity" requirement of the statute. In response to a request under APRA, a public agency is required to search for, locate, and retrieve records. Depending upon the storage medium, the details provided by the person making the request may or may not enable the agency to locate the records sought. Indeed, here, the FWPD was unable to fulfill the request using the search parameters Jent provided.

As Sergeant Bubb explained in response to Jent's request, the records are maintained electronically and the "software will not facilitate the production of any kind of list with the parameters [Jent] specified." Id. at 17. The FWPD designated Sergeant Bubb's letter as evidence in support of summary judgment. That designated evidence shows that the parameters given in the request are incompatible with the software that manages the electronic data. In other words, the software lacks the capacity to search and retrieve the records requested.

6

In support of his summary judgment motion, Jent designated as evidence the PAC's advisory opinion. In that opinion, the PAC observed that "incident reports" and "daily logs" might be separate records and that "incident reports are considered investigatory records," which "may be withheld from disclosure at the discretion of the agency." Id. at 33 (citing Ind. Code § 5-14-3-4(b)(1)). But the PAC stated that the daily logs must be disclosed under APRA. Further, the PAC stated that "it would not be appropriate for the [FWPD] to deny [Jent] access to the information on the basis that it is stored in a way that would not allow the [FWPD] to separate the daily log information from the discretionary investigatory record information." Appellant's App. at 35 (emphasis added).

The PAC misconstrues Sergeant Bubb's letter. The letter does not deny Jent's request based on an alleged inability to separate the daily logs from other documents. Rather, the letter gives two other reasons for denying Jent's request: that the FWPD was unable to search its records using the parameters given and that the records requested are excepted from disclosure as investigatory records. The PAC did not express any opinion concerning whether the FWPD's software had the capacity to locate and retrieve the records using the parameters Jent provided.

In short, without designated evidence to the contrary, there is no factual basis to question Sergeant Bubb's statement that the records requested cannot be located or retrieved using the search parameters provided by Jent. Whether a request identifies with reasonable particularity the record being requested turns, in part, on whether the person making the request provides the agency with information that enables the agency to

search for, locate, and retrieve the records. Here, the undisputed designated evidence shows that such is not the case and that the FWPD is entitled to summary judgment.[1]

In the context of a summary judgment, when the FWPD designated as evidence Sergeant Bubb's statement that the FWPD could not access the requested records with the parameters given, it satisfied its burden to make a prima facie showing that Jent's request lacked reasonable particularity and that the FWPD was entitled to summary judgment. Jent did not designate any evidence showing a question of material fact on whether the FWPD had the capacity to locate the records using the search parameters set out in his request. Accordingly, it is undisputed that the FWPD was entitled to summary judgment on the basis that Jent's request did not conform with Indiana Code Section 5-14-3-3(a)(1).

Again, if the trial court's entry of summary judgment can be sustained on any theory or basis in the record, we must affirm. Beatty, 896 N.E.2d at 20. We hold that the undisputed designated evidence shows that Jent's request does not identify with reasonable particularity the records sought. Accordingly, the trial court did not err when it denied Jent's motion for summary judgment and entered summary judgment in favor of the FWPD.

Affirmed.

RILEY, J., and DARDEN, Sr.J., concur.

---

[1] We note that the undisputed designated evidence shows that the FWPD could not have searched for the records using the parameters Jent provided even had the FWPD sought to locate the same records for its own use.