# FOR PUBLICATION



FILED

CLERK
of the supreme court,
court of appeals and
tax court

ATTORNEY FOR APPELLANT:

**JUSTIN R. WALL**
Wall Legal Services
Huntington, Indiana

ATTORNEYS FOR APPELLEE:

**ROBERT S. GARRETT**
**MATTHEW G. GRANTHAM**
Bowers, Brewer, Garrett & Wiley, LLP
Huntington, Indiana

# IN THE
# COURT OF APPEALS OF INDIANA

| | | |
|---|---|---|
| SETH ANDERSON, | ) | |
| | ) | |
| Appellant-Plaintiff, | ) | |
| | ) | |
| vs. | ) | No.  35A04-1207-MI-357 |
| | ) | |
| HUNTINGTON COUNTY BOARD OF | ) | |
| COMMISSIONERS, | ) | |
| | ) | |
| Appellee-Defendant. | ) | |

APPEAL FROM THE HUNTINGTON SUPERIOR COURT
The Honorable Kenton W. Kiracofe, Special Judge
Cause No. 35D01-1203-MI-230

**January 29, 2013**

**OPINION – FOR PUBLICATION**

**BAKER, Judge**

In this case, we are asked to determine what suffices as "reasonably particular" in a request for public records submitted under the Access to Public Records Act (APRA).[1] Here, appellant-plaintiff, Seth Anderson, submitted four requests for emails pursuant to the APRA. Each request was identical – all seeking the emails sent or received within a four and one-half month time span – the only difference between the requests was that each named a different employee.

About one week later, appellee-defendant, the Huntington County Board of Commissioners (the "Commissioners"), sent a letter through counsel to Anderson, requesting further clarification and assuring Anderson that once clarification was received, the appropriate records would be provided. Instead, Anderson filed a formal complaint with the Public Access Counselor, who upheld the Commissioners' decision, insofar as Anderson's request was not "reasonably particular" as required by the APRA.

Anderson filed a complaint to compel access to the public records, seeking a court order to compel the Commissioners to supply the records as originally requested and for attorney fees and costs. The Commissioners informed Anderson that they intended to comply with his requests as written. Anderson concedes that he has received all requested information but not before a hearing was held after which, the trial court concluded that the Commissioners did not improperly deny Anderson's requests because they were not "reasonably particular" and denied his request for attorney fees and costs.

---

[1] Ind. Code chapter 5-14-3 et seq.

We conclude that, inasmuch as a county employee spent ten hours and purchased new software to retrieve 9500 emails that then had to be turned over to human resources for further redaction, we agree with the Public Access Director and the trial court that Anderson's requests were not reasonably particular. Likewise, we conclude that Anderson has not substantially prevailed under the APRA and is, therefore, not entitled to attorney fees, court costs, and reasonable expenses.

FACTS[2]

On January 26, 2012, Anderson made four requests to the Commissioners' Human Resources Director, Erika Devine, for email communications that fell under the APRA. More particularly, Anderson requested:

a. Emails that qualify as a public record that were sent to or from Erika Devine between September 1, 2011 & Jan 15, 2012.
b. Emails that qualify as a public record that were sent to or from Kathy Branham between Sept. 1, 2011 & Jan 15, 2012.
c. Emails that qualify as a public record that were sent TO or FROM Leon Hurlbert between September 1, 2011 And [sic] Jan 15, 2012.
d. Emails that qualify as a public record that were sent TO or FROM Tom Wall between September 1, 2011 and Jan 15, 2012.

Appellant's App. 16-19 (emphases in original).

On February 2, 2012, the Commissioners, through their attorney Robert Garrett, sent Anderson a letter, explaining that his request was denied because under Indiana Code section 5-14-3-3, Anderson's request did not identify with "reasonable particularity" the records being requested. Nevertheless, the Commissioners assured

---

[2] We heard oral argument on December 18, 2012, in Indianapolis. We thank counsel for their informative oral and written presentations.

Anderson that once he had described the requested public records with reasonable particularity, the appropriate records would be provided to him.

Anderson, however, did not send a second request. Instead, Anderson filed a formal complaint with the Office of the Public Access Counselor. In a March 15, 2012 opinion, the Public Access Counselor, Joseph Hoage, determined that "if the County denied your request for failure to identify with reasonable particularity the records that were sought, it violated the APRA. The County's proper response to such a request would be to seek further clarification from you rather than simply denying the request." Appellant's App. p. 31.

Hoage further concluded that "[a]s to all other issues, it is my opinion that the County has not violated the APRA." Id. at 34. Put another way, the Commissioners had not violated the APRA because they had not denied Anderson's request outright but had requested that Anderson revise his request such that it was reasonably particular as required by the APRA.

In Hoage's opinion, he referenced several previous opinions regarding email correspondence, pointing out that "e-mail is a method of communication and not a type of record; requests for records that only identify the records by method of communication only are not reasonably particular." Id. at 33. Hoage gave examples to illustrate his reasoning and provide guidance. For instance, "a request for all e-mail correspondence to and from Jane Doe for a range of dates is not reasonably particular." Id. "However, a

4

request for all e-mail correspondence from Jane Doe to Jim Smith for a range of dates would be reasonably particular." Id.

Again, rather than clarifying his request, on March 27, 2012, Anderson filed a complaint to compel access to public records. In the complaint, Anderson sought a court order compelling the Commissioners to provide the records as he had originally requested. Additionally, Anderson sought to recover his attorney fees and costs.

Sometime in April, possibly even before the Commissioners had been served with Anderson's complaint, the Commissioners informed Anderson that they intended to comply with his requests as he had originally written them. Tr. p. 42-43.[3] Notwithstanding the Commissioners' willingness to comply with Anderson's requests, the trial court held a hearing on Anderson's complaint on May 17, 2012. During the hearing, Anderson admitted that he had been told that he would receive the information that he had requested but that there would be a delay so that the Commissioners could redact certain non-public information like social security numbers and information protected by HIPAA. Id. at 53. Still, Anderson defended the scope of his requests, maintaining that it was his right to look for "unknown unknowns" in his effort to obtain information. Id. at 83.

To comply with Anderson's request, J. Ryan Wall, a Huntington County Information Technology (IT) employee, had to spend ten hours of his time and purchase

---

[3] Anderson includes in his Appendix, Defendant's Exhibit A. Appellant's App. p. 37. From this exhibit, it appears that the Commissioners intended to comply with Anderson's requests, as written, on April 2, 2012. Id. However, the trial court excluded Exhibit A as evidence, and the Commissioners do not challenge this evidentiary ruling on appeal. Tr. p. 86.

5

new software. Wall compiled 9500 emails and provided them to the Human Resource Director on May 9, 2012, for further review and redacting. Anderson concedes that he received all the information as he originally requested, on July 12, 2012. Appellant's Br. p. 14.

In the trial court's June 28, 2012 order, it concluded that "the County did not improperly deny access to the records because Anderson was not 'reasonably particular' when he requested e-mails that qualify as public records that were sent to, or from Tom Wall, Leon Hurlburt, Kathy Branham, an[d] Erika Devine between September 1, 2011 and January 15, 2012." Appellant's App. p. 5. Thus, the trial court denied Anderson's request for an order to compel the Commissioners to provide Anderson the requested emails and his request for attorney fees, court costs, and related expenses. Despite receiving the requested records, Anderson now appeals.

## DISCUSSION AND DECISION

### I. Mootness

As an initial matter, the Commissioners argue that insofar as Anderson concedes that he received the information he requested, the merits of this appeal are moot with the exception of Anderson's request for attorney fees. An issue is considered moot when there is no live case or controversy, and the parties lack a legally cognizable interest in the outcome of its resolution or where no effective relief can be rendered to the parties. Poulard v. Laporte Cnty. Elections Bd., 922 N.E.2d 734, 737 (Ind. Ct. App. 2010). Nevertheless, even if an appeal is moot, we can still review it under the public interest

6

exception, which may be invoked when the issue is a question of great public importance that is likely to recur. Id.

The Commissioners acknowledge that Anderson presents issues that are both novel and may arise again in other cases involving access to public records. Appellee's Br. p. 7. However, the Commissioners point out that government agencies have the Public Access Counselor to assist them.

Anderson responds by emphasizing that this is an issue of first impression, involving important legal issues stemming from the APRA. This fact alone makes this issue a matter of "great public importance that is likely to recur." Poulard, 922 N.E.2d at 737.

Anderson also contends that his appeal is not moot because there are still unresolved legal issues such as whether or not his request was "reasonably particular." Indeed, Anderson argues that a definition of "reasonably particular" is of "upmost [sic] importance." Reply Br. p. 6. Because Anderson has presented us with an issue of first impression, namely, whether his request was "reasonably particular" under APRA, we will address the merits of Anderson's appeal.

## II. Reasonably Particular

Anderson argues that his requests to the Commissioners were "reasonably particular" as required by Indiana Code section 5-14-3-3(a) and, therefore, his requests should not have been denied, and the Commissioners should have been court ordered to

7

produce the records exactly as he requested them.[4] The Commissioners counter that they did not refuse to provide access to public records. Instead, they asked for more information so that they could better facilitate Anderson's request without incurring unreasonable cost and expense.

Initially, we observe that the public policy behind the APRA is to provide the public with full and complete information regarding the affairs of the government. See I.C. § 5-14-3-1 (stating that "it is the public policy of the state that all persons are entitled to full and complete information regarding affairs of the government . . . .") However, to request access to a public record, it must be described with "reasonable particularity." I.C. § 5-14-3-3(a)(1). The meaning of this phrase is the crux of the dispute between the Commissioners and Anderson.

"Reasonable particularity" is not defined within the APRA; however, Indiana Code section 5-14-3-1 states that "[t]his chapter shall be liberally construed to implement this policy and place the burden of proof for the nondisclosure of a public record on the public agency that would deny access to the record and not on the person seeking to inspect and copy the record." Recently, in Jent v. Fort Wayne Police Department, 973 N.E.2d 30, 33 (Ind. Ct. App. 2012), a case factually similar to the instant one, a panel of this Court likened the reasonable particularity requirement to the discovery rules, stating that "a requested item has been designated with 'reasonable particularity' if the request

---

[4] Anderson's first argument is actually that email correspondence is a public record within the definition of the Indiana Code. Inasmuch as the Commissioners "assume for the sake of argument that the e-mails in question are individually 'public records' under Ind. Code § 5-14-3-2(n)," we need not address this issue. Appellee's Br. p. 8.

8

enables the subpoenaed party to identify what is sought and enables the trial court to determine whether there has been sufficient compliance with the request."

It is noteworthy that while the Commissioners agree with Anderson that the Public Access Counselor's decision is not binding on the trial court or this Court, in the absence of case law or adequate statutory authority, this Court should give considerable deference to the opinions of the Public Access Counselor. The Commissioners point out that in other areas of administrative law, "with respect to an agency's interpretation of statutes and regulations that [it] is charged with enforcing, such interpretation is entitled to great weight . . . ." Austin v. Ind. Family & Soc. Servs. Admin., 947 N.E.2d 979, 982 (Ind. Ct. App. 2011). Nevertheless, the Commissioners concur with Anderson that unlike other cases under the Administrative Orders and Procedures Act, the trial court reviews an opinion of the Public Access Counselor de novo. I.C. § 5-14-3-9.

Here, Hoage, the Public Access Counselor, defined "[p]articularity" as "the quality or state of being particular as distinguished from universal." Appellant's App. p. 32. For example, a request for emails sent and received by a person in the last one hundred days lacks the particularity required to satisfy the statute and is a "universal" request. Id. at 31-33. Hoage also noted that records broadly involving a method of communication such as email did not rise to the level of "reasonable particularity" so as to compel disclosure. Id. at 33.

In reaching his conclusion, Hoage relied on prior opinions, inasmuch as this was not the first time that a Public Access Counselor had addressed this issue. Additionally,

Hoage suggested ways in which Anderson could modify his request noting that "a request for all e-mail correspondence from Jane Doe to Jim Smith for a range of dates would be reasonably particular," whereas "a request for all e-mail correspondence to and from Jane Doe for a range of dates is not reasonably particular." Id. Instead, Anderson chose to file suit.

The trial court again referenced Hoage's opinion, approving the examples of what would and would not be considered reasonably particular. Additionally, the trial court stated that allowing requests such as Anderson's would permit a "fishing expedition." Appellant's App. p. 4.

Moreover, Anderson's requests required that the Commissioners determine which emails were truly public records and which were not. Consequently, even after the Commissioners compiled the emails, they had to undergo a process to ensure that they did not provide protected health information or other non-disclosable material. Tr. p. 53. This process involved turning over the 9500 emails to Human Resources to be redacted, after an IT employee had already spent ten hours and purchased new software acquiring the emails. Id. at 95, 98.

Nevertheless, Anderson points out that the "reasonably particular" requirement exists so that the government agency knows what is being requested from the agency. Anderson asserts that the strongest evidence that his requests were reasonably particular is that the Commissioners provided the information that Anderson requested without Anderson modifying his initial requests.

Although the Commissioners ultimately spent the time and expense compiling and reviewing 9500 emails, they did not necessarily have a legal obligation to do so, and, as argued above, the Public Access Counselor's opinions state the opposite. To be sure, the fact that the Commissioners provided the information exactly as Anderson requested it does not define the APRA. Indeed, we agree with the Public Access Counselor's opinion that Anderson's requests were not reasonably particular under the APRA, and the Commissioners were under no legal obligation to provide to him the information that he requested. Consequently, this argument fails.

## III. Costs and Attorney Fees

Anderson maintains that he has substantially prevailed and that awarding him attorney fees, court costs, and all other reasonable costs of litigation is mandatory.[5] Indiana Code section 5-14-3-9(i) provides that "[i]n any action filed under this section, a court shall award reasonable attorney's fees, court costs, and other reasonable expenses of litigation to the prevailing party if . . . the plaintiff substantially prevails; or [] the defendant substantially prevails and the court finds the action frivolous or vexatious." When the requirements of the statute have been met, the award of attorney fees is mandatory. Indianapolis Newspapers v. Ind. State Lottery Comm'n, 739 N.E.2d 144, 156 (Ind. Ct. App. 2000).

---

[5] Anderson argues that he is entitled to both trial attorney fees and costs and appellate attorney fees and costs. In the Commissioners' brief, they state that "[f]or purposes of this appeal only, the Commissioners assume for the sake of argument that a prevailing party may obtain an award for appellate attorney fees as well." Appellee's Br. p. 17 n.9. However, the Commissioners point out that if this Court reverses the trial court's denial of attorney fees and costs, remand is appropriate so that the trial court can recalculate attorney fees for Anderson's appeal.

Although the statute fails to define "substantially prevails," it is unmistakable that Anderson did not substantially prevail in the instant case. As we concluded above, Anderson's requests for information from the Commissioners were not reasonably particular. Furthermore, Anderson received all of the information as he requested it in what must have been a reasonable time frame because he did not allege that it was unreasonable. Anderson was given notice that he would receive the information he requested before the trial court's hearing on the matter. Accordingly, we cannot say that Anderson substantially prevailed "[i]n an action filed under this section." I.C. § 5-14-3-9(i). Consequently, this argument also fails.

The judgment of the trial court is affirmed.

BARNES, J., and BROWN, J., concur.