## MEMORANDUM DECISION

Pursuant to Ind. Appellate Rule 65(D), this Memorandum Decision shall not be regarded as precedent or cited before any court except for the purpose of establishing the defense of res judicata, collateral estoppel, or the law of the case.



FILED

Feb 07 2017, 6:05 am

CLERK
Indiana Supreme Court
Court of Appeals
and Tax Court

ATTORNEY FOR APPELLANT

Mark K. Phillips
Phillips Law Office
Boonville, Indiana

ATTORNEYS FOR APPELLEE

Raymond P. Dudlo
Bamberger Foreman Oswald and
 Hahn, LLP
Evansville, Indiana

# IN THE
# COURT OF APPEALS OF INDIANA

Christine Wedding,

*Appellant-Petitioner,*

v.

Donald S. Wedding,

*Appellee-Respondent.*

February 7, 2017

Court of Appeals Case No.
82A01-1605-DR-1202

Appeal from the Vanderburgh
Superior Court

The Honorable Leslie C. Shively,
Judge

Trial Court Cause No.
82D04-1404-DR-313

**Barnes, Judge.**

## Case Summary

Christine Wedding ("Mother") appeals the trial court's denial of her motion to correct error, which challenged the child custody order in her divorce from Donald Wedding ("Father"). We affirm.

## Issue

The sole restated issue is whether Mother has established error in granting her primary physical custody of the parties' child while also ordering a change in the child's school.

## Facts

Mother and Father have one child, A.W., who was born in 2007. In 2014, Mother petitioned for dissolution of the parties' marriage. After the dissolution was filed, A.W. attended school closest to Mother's residence, which was Highland Elementary School in the Evansville Vanderburgh School Corporation. Highland is an approximately thirty-five-minute drive from Father's residence. The trial court appointed a guardian ad litem ("GAL") for A.W. The GAL submitted a report to the trial court on July 1, 2014, which was updated on February 5, 2015, and May 11, 2015. In the last update, the GAL recommended that A.W.'s "home school be changed to Donald's school district in time for her 2nd grade year if he is granted primary physical custody." Appellant's App. p. 25.

The trial court held evidentiary hearings on April 13, May 4, and July 30, 2015. On August 19, 2015, the parties submitted and the trial court approved an

agreed order dissolving their marriage and dividing their property; the order left child custody and support issues still to be resolved. On October 2, 2015, the trial court held another evidentiary hearing. On October 27, 2015, the trial court entered its order resolving the child custody and support issues, which it amended on October 30, 2015. The final order granted joint legal custody of A.W. to the parties, designated Mother as primary physical custodian, and established Father's parenting time. Regarding A.W.'s education, the order stated:

> The child shall finish her current semester at her present school. The child shall be enrolled in the appropriate EVSC school district based upon the Father's current address for the spring semester of 2016 and thereafter. The child's school shall, therefore, become Hebron Elementary School.

*Id.* at 19.

[5] Mother filed a motion to correct error, challenging the portion of the order changing A.W.'s school as contrary to A.W.'s best interests and the evidence presented at the prior hearings. Mother also sought to stay implementation of the change in A.W.'s school. Mother further asserted that the trial court improperly calculated her income for child support purposes. The Father responded that there was newly-discovered evidence of an inheritance Mother received that should result in an upward increase in her income for child support purposes.

[6] The trial court held a hearing on January 4, 2016. At this hearing the parties presented argument only as to the appropriateness of ordering a change in

A.W.'s school. At the conclusion of the hearing, the trial court stated that it was going to review its notes and listen to recordings of the previous hearings in which evidence related to A.W.'s schooling was presented. On January 5, 2016, the trial court denied Mother's motion to stay implementation of the change in school. Resolution of the child support issue was stayed for further proceedings. The trial court held a hearing on that issue on March 11, 2016. Thereafter, the trial court issued an order denying Mother's motion to correct error and Father's request to recalculate Mother's income. Mother now appeals.

## Analysis

Mother challenges only the trial court's decision to order a change in A.W.'s school to one close to Father, while granting Mother physical custody. We review a trial court's decision to grant or deny a motion to correct error for an abuse of discretion. *Garrett v. Spear*, 24 N.E.3d 472, 473 (Ind. Ct. App. 2014). "An abuse of discretion occurs if the trial court's decision is clearly against the logic and effect of the facts and circumstances or if the decision is contrary to law." *Id.* at 473-74. Additionally, the underlying issue here is the trial court's child custody decision. We afford considerable deference to such rulings because the trial court sees the parties, observes their conduct and demeanor, and hears their testimony. *Quinn v. Quinn*, 62 N.E.3d 1212, 1220 (Ind. Ct. App. 2016). We will not reweigh the evidence or assess the credibility of witnesses, and will not substitute our judgment for that of the trial court. *Id.* "We will affirm the trial court's custody determination unless it is clearly against the logic

and effect of the facts and circumstances or the reasonable inferences drawn therefrom." *Id.*

[8]     Mother has not provided us with transcripts from the underlying hearings that led to the trial court's custody order. In her notice of appeal, she only requested transcripts of the motion to correct error hearings and not the previous four evidentiary hearings that resulted in the challenged custody order. Indiana Appellate Rule 9(F)(5) requires, in part, that an appellant must request and designate:

> all portions of the Transcript necessary to present fairly and decide the issues on appeal. If the appellant intends to urge on appeal that a finding of fact or conclusion thereon is unsupported by the evidence or is contrary to the evidence, the Notice of Appeal shall request a Transcript of all the evidence.

If an appellant fails to request and submit a transcript to this court, it results in a waiver of any claimed errors that depend upon review of the evidence. *In re Walker*, 665 N.E.2d 586, 588 (Ind. 1996); *Lifeline Youth & Family Servs., Inc. v. Installed Bldg. Prods., Inc.*, 996 N.E.2d 808, 814-15 (Ind. Ct. App. 2013).

[9]     We admit that the trial court's order placing physical custody of A.W. with Mother but requiring her to attend school close to Father's residence seems unusual at first glance. Regardless, we have no way of reviewing the evidentiary basis for that order. The trial court itself reviewed the record in response to Mother's motion to correct error and found no reason to change its mind. We have no way of second-guessing that determination, and Mother

cites to no legal authority holding that it is categorically improper for a trial court to make a ruling regarding custody and schooling such as it did.[1] She does, in fact, cite to a few pages of transcript that arguably support her position from the evidentiary hearings; this transcript evidently was prepared as part of the motion to correct error proceedings. The remainder of that transcript was not provided to this court and an appellant cannot "cherry pick" from the record in this fashion. And although it is true the GAL recommended that A.W.'s school be changed *if* Father was granted physical custody, trial courts are not required to accept an expert's custody recommendations. *See Maddux v. Maddux*, 40 N.E.3d 971, 980 (Ind. Ct. App. 2015).

[10]     Mother attempts to avoid waiver by claiming that the trial court's custody order was ambiguous. She did not make any such argument to the trial court in support of her motion to correct error. Rather, she solely made substantive arguments that the evidence indicated the change in A.W.'s school was not in her best interests. In any case, a judgment is ambiguous if "it would lead two reasonable persons to different conclusions as to its effect and meaning." *Gilbert v. Gilbert*, 777 N.E.2d 785, 790 (Ind. Ct. App. 2002). There is no such ambiguity in the trial court's order. It is quite clear in its provisions regarding custody, parenting time, and the requirement that A.W. change schools. There

---

[1] In excess of the standard parenting time rules, Father was granted two days of weekday visitation with A.W., plus every other weekend until Monday morning, with Father being responsible for A.W.'s transportation to school after overnight visits. This extended parenting time may have been part of the reason for the trial court's schooling decision, but again, without an adequate record to review we have no way of knowing.

also is no argument that it is impossible to carry out the trial court's order. In sum, we conclude that Mother has waived her challenge to the trial court's custody order by failing to provide us with transcripts of the evidentiary hearings leading to that order.

[11]     Father asks this court to require Mother to pay his appellate attorney fees because of her failure to comply with the Indiana Rules of Appellate Procedure, which he asserts demonstrates bad faith. Under Appellate Rule 66(E), we "may assess damages if an appeal is . . . frivolous or in bad faith." Such damages may include attorney fees. *Gillock v. City of New Castle*, 999 N.E.2d 1043, 1047 (Ind. Ct. App. 2013). We use extreme restraint when exercising our power to award appellate attorney fees because of the potential chilling effect upon the exercise of the right to appeal. *Poulard v. Laporte County Election Bd.*, 922 N.E.2d 734, 737 (Ind. Ct. App. 2010). A sanction is not imposed to punish lack of merit, but something more egregious. *Id.* at 737-38.

[12]     Bad faith claims for purposes of Appellate Rule 66(E) are categorized as either "substantive" or "procedural." *Basic v. Amouri*, 58 N.E.3d 980, 986 (Ind. Ct. App. 2016). A substantive bad faith claim requires a showing that an opposing party's contentions and arguments are utterly devoid of all plausibility. *Id.* (quoting *Thacker v. Wentzel*, 797 N.E.2d 342, 346 (Ind. Ct. App. 2003)).

> Procedural bad faith, on the other hand, occurs when a party flagrantly disregards the form and content requirements of the rules of appellate procedure, omits and misstates relevant facts appearing in the record, and files briefs written in a manner calculated to require the maximum expenditure of time both by

the opposing party and the reviewing court. Even if the appellant's conduct falls short of that which is "deliberate or by design," procedural bad faith can still be found.

*Thacker*, 797 N.E.2d at 346-47.

We are cognizant that Father has had to incur appellate attorney fees in defense of a judgment that Mother failed to provide an adequate record to challenge. This was a gross procedural misstep. However, we are hesitant to penalize Mother for her attorney's failure to follow the appellate rules in this instance. The custody order is somewhat unusual, and Mother made a valid, but unsuccessful, argument that the order was ambiguous and could be challenged on that basis even without the evidentiary record. Given our reluctance to penalize parties for appellate procedural errors, we decline to find procedural bad faith to the extent needed to order Mother to pay Father's appellate attorney fees under Appellate Rule 66(E).

## Conclusion

Mother has waived her argument as to the propriety of the trial court's custody order and, thus, we affirm it. We decline Father's request to order Mother to pay his appellate attorney fees.

Affirmed.

Kirsch, J., and Robb, J., concur.